No. 87-67

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

WILLIAM H. HUDSON,

Plaintiff and Respondent,

-vs-

LEE McDONALD and MARY McDONALD
and ALICE E. FLAGER as County
Treasurer of Madison County,
Montana,

Defendants and Appellants.

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas I. Sabo, Bozeman, Montana

For Respondent:

Chester Lloyd Jones, Virginia City, Montana

Submitted on Briefs: Sept. 25, 1987

Decided: December 22, 1987

Filed: DEC 22 1987

*Ethel M. Harrison*
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendant McDonald appeals the July 11, 1986, summary judgment of the Fifth Judicial District Court, Madison County. The judgment voided McDonald's tax deed, validated Hudson's redemption of his property, and quieted title in Hudson against McDonald and the Madison County Treasurer. We affirm.

The parties raise three issues for our review:

1. Under the tax deed application procedures of § 15-18-202(1), MCA (1985), must notice be served on the occupant of the subject property?

2. Does a published "Notice of Application for Tax Deed" serve proper notice if it fails to comply with the publication requirements of § 15-18-202(3), MCA (1985)?

3. Is a delinquent taxpayer, who pays the redemption amount to the County Treasurer after publication of a "Notice of Claim of a Tax Title," entitled to redemption under § 15-18-403, MCA (1985)?

The code sections cited in this opinion were repealed by the 50th Legislature in 1987. However, the sections cited are the law applicable to this case.

Plaintiff Hudson purchased an eighty-acre parcel in Madison County, Montana, in 1968. From 1968 to 1980, Hudson received his property tax notices at his office in the Mercantile Securities Building in Dallas, Texas. He paid those taxes. In June of 1980, Hudson moved his office to the Plaza of the Americas in Dallas.

In November of 1980, the tax notice for 1980 was mailed to the Mercantile address and duly forwarded to the Plaza address. Hudson paid the taxes in November of 1980. However, the post office only forwarded mail for one year and no further tax notice was ever received at the Plaza address.

2

On July 20, 1982, Hudson's property was sold to Madison County for delinquent taxes. Two years later, McDonald paid the taxes and penalties due under assignment to the Madison County Treasurer. On July 26, 1984, McDonald became the assignee of a duplicate certificate of tax sale issued to Madison County.

Throughout this period, Hudson's property had been occupied on a seasonal basis by Hudson, his relatives and friends. Household furnishings as well as vehicles and maintenance equipment were stored on the premises year-round. The property was also surrounded by a perimeter fence. During 1984, a person physically occupied the premises with Hudson's permission from July through October 20 and then from November 15 through 30. The premises were also occupied from July 10 through September 30, 1985.

On April 17, 1985, McDonald sent Hudson notice by certified mail of McDonald's intention to apply for a tax deed. The notice was sent to Hudson's Mercantile address. McDonald also published, once a week for two successive weeks, a "Notice of Application for Tax Deed" in the Madisonian, a weekly newspaper in Virginia City. The publication commenced on April 25, 1985.

Prior to mailing and publishing the notice, McDonald went physically upon the property to determine if it was occupied. He knocked on the door and searched the premises but found no one. He later telephoned the neighboring ranch and was advised by an employee that Hudson's property was occupied during the summer and fall.

However, McDonald never served notice on any occupant of Hudson's property. No notice of delinquent taxes was ever found posted on the property. Hudson did not receive the notice by certified mail and did not know that notice had been published in the Madisonian.

3

On September 3, 1985, McDonald paid the Madison County Treasurer $2,154.68 and received a tax deed for the property. He promptly recorded the deed in the office of the Madison County Clerk and Recorder. On September 12 and 19, 1985, McDonald published in the Madisonian a "Notice of Claim of a Tax Title" pursuant to § 15-18-403, MCA.

Hudson first learned about the tax sale when a neighbor of Hudson's property advised Hudson that the "Notice of Claim of a Tax Title" had been published. In response, Hudson sent the Madison County Treasurer a check for $2,334.31 on September 23, 1985, to redeem the property.

On September 30, 1985, the Madison County Treasurer issued Hudson a certificate showing redemption of the property from tax sale. However, a month later the Treasurer sent a letter to Hudson stating that she had "voided out" Hudson's redemption because McDonald's tax deed had been issued on September 3, 1985.

Hudson then filed to quiet title. McDonald counterclaimed for title. Both parties agreed to the facts recited above and moved for summary judgment.

On July 11, 1986, the District Court entered judgment ratifying Hudson's redemption of the property. The court found that "there was a failure to comply with the scope, intent and purpose of applicable tax sale proceedings." The court strictly construed the tax statutes against McDonald, stating: "To do otherwise would be to put judicial imprimatur on acts which in effect forfeit $200,000 worth of property for $2,000." It concluded that McDonald's tax deed was void and quieted title in Hudson against McDonald and the Madison County Treasurer. McDonald appealed on August 7, 1986.

On appellate review of a summary judgment, this Court is free to examine the entire record and make appropriate findings. Shimsky v. Valley Credit Union (Mont. 1984), 676

4

P.2d 1308, 1310, 41 St.Rep. 258, 260. We will uphold the summary judgment if there is no genuine issue of material fact and the evidence shows the moving party is entitled to judgment as a matter of law. Vogele v. Estate of Schock (Mont. 1987), ____ P.2d ____, 44 St.Rep. 1950, 1953.

Issue 1. Notice

McDonald contends that his tax deed was valid and the notice was proper. We analyze this issue under the guidelines of § 15-18-202(1), MCA. When property is occupied, the statute requires service upon the occupant:

> The purchaser of property sold for delinquent taxes or his assignee must . . . serve upon the owner of the property purchased, if known . . . and upon the person occupying the property, if the said property is occupied . . . a written notice . . . [Emphasis added.]

We note that the word "and" maximizes the probability that the delinquent taxpayer will receive notice.

McDonald was required by statute to serve the occupant with notice. McDonald failed to do so. McDonald admits in his affidavit for tax deed that he knew the property was occupied. He stated: "That upon inquiry, Affiant has determined the property to be unoccupied, except from time to time during the summer and fall months, or as the weather permits, property is occupied by owner and guests." [Emphasis added.] McDonald's efforts to personally serve Hudson were in the early spring, when Hudson's property was customarily unoccupied. McDonald later agreed that the property was occupied for the two months prior to McDonald's receipt of tax deed on September 3, 1985. Yet the record reveals no subsequent efforts by McDonald to serve the occupant. McDonald's admission in his affidavit, coupled with his lack of diligence in

5

serving the occupant, was fatal to proper notice under § 15-18-202(1), MCA.

As we held in Long v. Dillon (Mont. 1984), 679 P.2d 772, 774, 41 St.Rep. 486, 489, if proper notice of application for tax deed is not given to the owner of real property, then the time for redemption continues indefinitely. Accordingly, we hold that McDonald's tax deed was void because the notice requirements of § 15-18-202(1), MCA, were not followed.

Issue 2. Publication

McDonald asserts that he published a proper "Notice of Application for Tax Deed." Our analysis of this issue is governed by § 15-18-202(3), MCA. The statute prescribes the form of publication for a "Notice of Application for Tax Deed." The form reads:

> Notice is hereby given that the under-
> signed will on the _____ day of _____,
> 19__, apply to the county treasurer of
> _____ county for a tax deed to the
> following described property, to wit:
> . . .

The "Notice of Application for Tax Deed," as published by McDonald, contained two discrepancies. The first discrepancy is that McDonald's notice read "Notice is hereby given that the undersigned will on or after the 21st day of August, 1985 . . ." (Emphasis added.) The words "or after" add an element of ambiguity that is not in the statute. Such an ambiguity could work against the delinquent taxpayer.

The second discrepancy is that McDonald described the property as "E2NE4 of Section 35, Township 8 South, Range 1 East, Madison County, Montana," in his affidavit for tax deed. However, in his published notice, the property is merely described as "E2NE4, 35, 8S, 1E." The published

6

description omits the words section, township and range. More importantly, it also omits the county where the property is situated. In the case of a tax sale, such notice must be strictly construed. We find that this truncated description does not adequately identify the location of the subject property. By failing to comply with the requirements of § 15-18-202(3), MCA, the published description was fatally defective. Yetter v. Gallatin County (1982), 198 Mont. 243, 245, 645 P.2d 941, 942.

As the District Court stated: "Let the tax deed applicant be aware of these statutes, and let him adhere to the letter thereof, particularly as to description of the property, the content of the affidavits and notices, and the need for the determination of occupancy."

In conclusion, the defective notice and publication precluded the Madison County Treasurer from issuing a valid tax deed. Edwards v. Walters (1983), 204 Mont. 374, 385, 664 P.2d 932, 937. We hold that the District Court's findings and memorandum adequately support its conclusion that the tax deed was void.

Issue 3. Redemption under § 15-18-403, MCA

The title of § 15-18-403, MCA, states: "Title conveyed by deed -- procedure to cure defects." McDonald contends that § 15-18-403, MCA, merely gave Hudson standing to bring a quiet title action to challenge the validity of McDonald's tax deed. In this issue, McDonald attempts to divert attention from the defective notice and publication.

McDonald's argument is misdirected. The focus of this appeal is the propriety of the procedures before the issuance of the tax deed, not after. A curative statute cannot validate a void tax deed. Therefore, this issue is moot.

7

We affirm the summary judgment of the District Court.

_S. A. Turnage_
Chief Justice

We concur:

_John Conway Harrison_

_William E. Hunt Sr._

_R. C. McDonough_

_L. C. Gulbrandson_
Justices