CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
¶ 1 In this case, we reverse a decision of the Fourth Judicial District Court, Missoula County, which upheld the validity of a tax deed to real property.
¶2 The issue is whether defects in and omissions from the statutory tax deed process as followed by Missoula County and the Defendants and Respondents deprived Missoula County of jurisdiction to issue the subject tax deed and render the deed void.
¶[3 In 1990, Edward Isern purchased a residence at 4217 Timber-lane in Missoula, Montana. The full legal description of the property is:
*463 Lot 9 in Block 6 of LINCOLNWOOD ADDITION NO. 5, a platted subdivision in Missoula County, Montana, according to the official recorded plat thereof.
Isern failed to timely pay $787.38 in second half taxes on the property for 1991.
¶4 Missoula County held a tax sale of the property in July 1992. There were no bidders. Missoula County continued to assess taxes against the property for the years 1992, 1993, 1994, and 1995. On November 20, 1995, upon payment to the county of $9,460.51 representing delinquent taxes, penalties, interest, and costs, the county assigned a tax sale certificate on the property to “Dace Hawkinson-K Summerfield.” On February 2, 1996, the county issued a tax deed to “Dace Hawkinson & Karen Summerfield.”
¶5 Isern subsequently attempted to redeem the property by tendering a check for the delinquent taxes, penalties, and interest then due, but Missoula County refused to accept his check. Isern filed this action in March 1996, seeking to set aside the tax deed and to quiet title to the property in himself based upon statutory defects, omissions, and deficiencies in the tax deed process used. In addition to Hawkinson and Summerfield, Isern named as defendants other persons or entities which he believed might claim some right or title to the property.
¶6 Following discovery, the parties filed cross-motions for summary judgment. The District Court denied Isern’s motion, and granted the Defendants summary judgment. Isern appeals.
Discussion
¶7 Do defects in and omissions from the statutory tax deed process as followed by Missoula County and the Defendants and Respondents deprive the county of jurisdiction to issue the subject tax deed and render the deed void?
¶8 This Court’s standard of review of a summary judgment is the same as that initially employed by the District Court — whether there exist genuine issues of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law. See Rule 56(c), M.R.Civ.P., and Estate of Strever v. Cline (1996), 278 Mont. 165, 170, 924 P.2d 666, 669. In this case, the parties agree there are no issues of material fact.
¶9 Both Montana’s Constitution and the Constitution of the United States provide that no person shall be deprived of property without due process of law. U.S. Const. Amend. XIV, § 1; Art. II, Sec. 17, Mont. *464 Const. In a tax deed case, a citizen’s right to own property is challenged by the government and the assignee of a tax sale certificate, almost always for a payment by the assignee to the government of far less than the property’s full value.
¶10 Notwithstanding the requirements of due process, Defendants and Respondents cite Cullen v. Western Mortgage & Warranty Title Co. (1913), 47 Mont. 513, 525, 134 P. 302, 305, for the proposition that it is not necessary that tax deed proceedings “be criticised with microscopic nicety” or that tax deeds be rejected for “every insignificant departure from verbal precision.” However, in more recent cases than Cullen, this Court has firmly maintained the position that procedural requirements set forth in tax deed statutes must be strictly observed. See, e.g., Lowery v. Garfield County (1949), 122 Mont. 571, 579, 208 P.2d 478, 483 (“[application for a tax deed is a statutory proceeding and every requirement of the statute must be fully complied with”); Hudson v. McDonald (1987), 229 Mont. 426, 431, 747 P.2d 221, 224 (“[l]et the tax deed applicant be aware of [the tax deed statutes], and let him adhere to the letter thereof, particularly as to description of the property, the content of the affidavits and notices, and the need for the determination of occupancy”); Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 447, 872 P.2d 330, 334 (“[i]n recent decisions, we have required that the procedural steps set forth in tax deed statutes be strictly followed”). Even typographical errors in a document may be sufficient grounds to set aside a resúlting tax deed. Tax Lien Services v. Hall (1996), 277 Mont. 126, 133, 919 P.2d 396, 400. We here reaffirm our position that because a property owner’s fundamental interests are at stake in tax deed proceedings, such proceedings demand punctilious compliance with all statutory and procedural requirements.
¶11 The first step in the tax deed process under Montana’s statutory scheme occurs on the third Monday of December and the third Monday of June of each year, when the county treasurer reports to the county clerk and recorder a list of all persons and property then owing taxes. Section 15-16-301, MCA. In Missoula County, the elected offices of county treasurer and county clerk and recorder have been combined into one office. No delinquent list is made in Missoula County as is required under § 15-16-301, MCA. Defendants and Respondents argue that preparing reports as between the treasurer and the clerk and recorder would be redundant and cost prohibitive, where, as here, those offices have been combined. However, failing to follow the statutes cannot be justified by consolidation of elective *465 offices. Notwithstanding consolidation of the offices, there still remain two distinct office functions, separate from each other, although administered by one elected county official.
¶12 Continuing with the statutory tax deed process, after the county clerk and recorder confirms the validity of the delinquent tax list pursuant to § 15-16-305, MCA, the county treasurer must publish or post a notice of pending tax sale. The notice must comply with the requirements set forth at § 15-17-122, MCA, and a copy thereof must be filed with the county clerk pursuant to § 15-17-123, MCA.
¶13 The method of conducting a tax sale is prescribed at § 15-17-211, MCA. Following the sale, and upon receipt from the buyer of all delinquent taxes, penalties, interest, and costs, the county treasurer is to prepare a tax sale certificate containing the information listed at § 15-17-212, MCA. The Missoula County clerk and recorder/treasurer testified by deposition that she does not prepare tax sale certificates for tax sales when Missoula County is the buyer of the property. She did not prepare a tax sale certificate in this case. Nor did Missoula County follow the alternative procedure established at § 15-17-214, MCA, for county purchases of tax deeds. That alternative procedure involves production of a list of all property remaining unsold at the tax deed sale. The Missoula County clerk and recorder/treasurer did not produce such a list. Defendants and Respondents argue that “wasteful and time-consuming paper copies” were “not necessary” because the offices of clerk and recorder and treasurer are combined in Missoula County. Again, this argument does not justify violation of statutory requirements.
¶14 The form for an assignment of a tax sale certificate by the county to a payor of the amount of the delinquent taxes, including penalties, interest, and costs, is provided at § 15-17-323, MCA. The procedure for then issuing a tax deed is set forth at Title 15, Chapter 18, Part 2, MCA. The clerk and recorder must give notice of the pending issuance of a tax deed, by certified mail, return receipt requested, to each interested party at “the address disclosed by the records in the office of the county clerk.” Section 15-18-212(4), MCA. In applying a predecessor statute to § 15-18-212, MCA, this Court has ruled that a county clerk and recorder must seek addresses “easily ascertainable” in county records. Yellowstone Inv. and Dev. Co. v. Yellowstone County (1982), 201 Mont. 290, 297, 654 P.2d 508, 512.
¶15 In this case, the correct address of property owner Isern was easily ascertainable from the records of Missoula County. The county assessor’s office had received notice of Spokane, Washington ad *466 dresses for Isern in November 1994 and July 1995. The clerk and recorder/treasurer testified by deposition that the county assessor’s office should have provided the new addresses to heroffice. She admitted that the most current address was available to her by simply going across the hall to the county assessor’s office. Yet the clerk and recorder/treasurer’s office sent the notice of pending issuance of a tax deed to Isern at his former Missoula, Montana address on September 15, 1995, months after the newer addresses were in the county’s records.
¶16 Defendants and Respondents contend that under Moran v. Robbin (1993), 261 Mont. 478, 863 P.2d 395, the alleged defects attributable to Missoula County are not relevant to the propriety of the issuance of a tax deed to Hawkinson and Summerfield. Defendants and Respondents claim that Missoula County’s application for a tax deed was abandoned and superseded by their actions in preparing and issuing the notice, proof of notice, and application for tax deed. We disagree. In Moran, we held that because the redemption dates provided in the first notice and the second notice of pending tax deed issuance differed, the second notice controlled and the first notice was deemed abandoned. Moran, 261 Mont. at 483-84, 863 P.2d at 399. That holding does not translate into a blanket removal of the requirement for strict compliance with all tax deed statutes; it relates only to multiple notices with different redemption dates. The interpretation of Moran proposed by Defendants and Respondents would wrongly allow counties and tax deed applicants to totally ignore all prior statutory requirements as long as the final notice was correct.
¶17 The form of a tax deed must be “in substance” as set forth at § 15-18-213, MCA. The form there provided includes a statement that “the property tax lien has not been redeemed by .......... (name of former owner) or any other person entitled to redeem it.” Section 15-18-211(1), MCA, also requires that a tax deed must contain “a statement that the property tax lien was not redeemed during the redemption period provided in 15-18-111.” The tax deed issued in this case contains no language whatsoever addressing this twice-repeated statutory requirement.
¶18 Section 15-18-211(1), MCA, also requires that a tax deed must contain the full legal description of the property. The full legal description of the subject property in this case is set forth above at paragraph 3. An abbreviated description of the property (“SUID # 1862006 Lincolnwood #5-Lot 9 Blk 6”) was used in the tax deed issued to Hawkinson and Summerfield. The tax deed issued by Missoula *467 County in this case did not contain the full legal description as required under § 15-18-211(1), MCA.
¶19 In Hudson, this Court set aside a notice of application for a tax deed that included an improperly abbreviated legal description and no identification of the county where the property was located. We reasoned that by failing to comply with statutory requirements the published description was fatally defective. Hudson, 229 Mont. at 431, 747 P.2d at 223-24. The same reasoning applies to a tax deed, particularly since § 15-18-211(1), MCA, specifically requires the “full legal description” in the tax deed.
¶20 The District Court found, without detailed analysis, that the procedural defects in this case were either “minor clerical errors and/or non-substantive deviations of specific statutory language,” or “internal operating procedures and documentation of the County as a result of the County’s present computerized system of record keeping.” The court effectively concluded that none of the defects affected Isern’s due process rights. We disagree. Our case law has established that tax deed statutes must be strictly followed. Where, as here, failure to follow statutory requirements has been clearly established, we must conclude that due process rights have been abridged. The argument that advances in computerized record keeping justify deviation from the procedures currently prescribed by statute is a matter properly addressed not to this Court, but to the Legislature, with proposals for statutory amendment.
¶21 Given the requirement of strict compliance with statutory procedures for issuing a tax deed, and without passing judgment on the significance of other errors and omissions cited by Isern but not discussed herein, we hold that the errors and omissions discussed above void the subject tax deed issued by Missoula County to Dace Hawkinson and Karen Summerfield. We therefore reverse the summary judgment entered by the District Court. This case is remanded for further proceedings consistent with this Opinion.
JUSTICES GRAY, NELSON, REGNIER and HUNT concur.