No. 97-652

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 311

JAMES G. BOYES and CHEREE G. BOYES,

Plaintiffs and Respondents,

v.

MAURICE L. EDDIE, et al.,

Defendants and Respondents.

DONNA GLANTZ,

Plaintiff and Appellant,

v.

JAMES G. BOYES, et al.,

Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James C. Bartlett, Kalispell, Montana

For Respondent:

Jonathan B. Smith, Deputy Flathead County Attorney, Kalispell, Montana (Flathead County and Flathead County Treasurer); Randall S. Ogle, Ogle & Worm, Kalispell, Montana (Boyes)

Submitted on Briefs: March 26, 1998

Decided: December 15, 1998

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

**¶1. Donna Glantz (Glantz) appeals a Decree of the District Court for the Eleventh Judicial District, Flathead County, wherein the court determined that James G. and Cheree G. Boyes (the Boyeses) are the owners in fee simple of a certain parcel of real property located in Flathead County. We affirm.**

**¶2. Glantz raises the following issues on appeal:**

**¶3. 1. Whether the information set forth in a Tax Deed must be identical to the information set forth in the Notice That A Tax Deed May Be Issued.**

**¶4. 2. Whether multiple notices may be placed in the same envelope for mailing.**

**¶5. 3. Whether the Proof Of Notice For Issuance Of Tax Deed in this case complied with the statutory requirements.**

**¶6. 4. Whether a description of property in a Notice That A Tax Deed May Be Issued must include the full legal description.**

## Factual and Procedural Background

¶7. In November 1989, Glantz purchased seven parcels of real property located in Granite View Subdivision in Flathead County. The deed transferring ownership of all seven parcels to Glantz was recorded with the Flathead County Clerk and Recorder's Office on December 1, 1989.

¶8. Over the next four years, Glantz failed to pay any taxes on the property. Consequently, on July 15, 1994, the Flathead County Clerk and Recorder, Susan Haverfield, notified Glantz that if the properties were not redeemed, a Tax Deed would be issued to Flathead County. Haverfield sent Glantz a separate Notice That A Tax Deed May Be Issued for each of the seven parcels. These notices were placed in one envelope and sent to Glantz by certified mail, return receipt requested. The tax assessor number for each parcel was written on the receipt for certified mail as each notice was placed in the envelope. Glantz signed for the envelope on July 18, 1994, as evidenced by the receipt for certified mail.

¶9. On August 16, 1994, Haverfield executed a Proof Of Notice For Issuance Of Tax Deed, which was recorded that same day. Nevertheless, Glantz failed to redeem any of the property including the parcel at issue in this case, the park in Granite View Subdivision (the park). As a result, the Flathead County Treasurer, Idella Smithers, issued a Tax Deed on December 22, 1994, conveying the park to Flathead County. This Tax Deed was filed with the County Clerk and Recorder on December 28, 1994.

¶10. In consideration of payment of the taxes, interest, penalties, and costs due on the park, the Chairman of the Board of County Commissioners of Flathead County signed a Grant Deed on April 25, 1995, conveying the park to the Boyeses. The Grant Deed was recorded the same day.

¶11. On October 2, 1996, the Boyeses filed a complaint seeking to quiet title to the park. Glantz, along with several other individuals who may have had some interest in the park, were named as defendants in the complaint. While Glantz answered the complaint, a default judgment was entered against all of the other defendants for failure to reply or otherwise respond to the complaint.

¶12. Glantz filed a complaint against the Boyeses and Flathead County on December 12, 1996, alleging defects in the tax sale proceedings. Boyeses subsequently filed a

motion to consolidate the two lawsuits, and, on March 27, 1997, the District Court granted the motion to consolidate.

¶13. On March 31, 1997, the Boyeses filed a Motion for Summary Judgment which was joined in by Flathead County. Glantz opposed the motion contending that the Tax Deed was null and void because of various discrepancies in the proceedings and in the deed itself. Glantz alleged error in that, among other things, the dollar amounts listed on the Notice That A Tax Deed May Be Issued did not coincide with the dollar amounts listed on the Tax Deed itself; that it was improper to send multiple notices in one envelope; and that she did not receive the notice pertaining to the park.

¶14. After a hearing, the District Court issued its Order and Rationale granting the Motion for Summary Judgment. The court determined that there were no genuine issues of material fact and that Flathead County had followed the statutory requirements in issuing the Tax Deed and in conveying the park to the Boyeses by way of a Grant Deed. Thus, on October 8, 1997, the court entered a Decree quieting title to the Boyeses. Glantz appeals.

## Standard of Review

¶15. Our standard of review in appeals from summary judgment rulings is *de novo*. *Motarie v. N. Mont. Joint Refuse Disposal* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156 (citing *Mead v. M.S.B., Inc.* (1994), 264 Mont. 465, 470, 872 P.2d 782, 785). When we review a district court's grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner*, we held that

[the party moving for summary judgment] must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Bruner*, 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted).

No

¶16. We have previously stated that the purpose of summary judgment is to dispose of those actions which do not raise genuine issues of material fact and to eliminate the expense and burden of unnecessary trials. *Kane v. Miller* (1993), 258 Mont. 182, 186, 852 P.2d 130, 133 (citations omitted). However, we have also stated that summary judgment is an extreme remedy and should never be substituted for a trial if a material factual controversy exists. *Howard v. Conlin Furniture No. 2, Inc*. (1995), 272 Mont. 433, 436, 901 P.2d 116, 118 (citations omitted).

## Issue 1.

*¶17. Whether the information set forth in a Tax Deed must be identical to the information set forth in the Notice That A Tax Deed May Be Issued.*

¶18. The Notice That A Tax Deed May Be Issued recited a total tax for tax year 1990 of $42.71, along with a penalty of $.84, interest of $14.59, and nothing for costs. In contrast, the Tax Deed recited costs for tax year 1990 of $100 and interest of $1.59. Furthermore, the Notice That A Tax Deed May Be Issued recited that $362.51 in taxes, penalties, and interest was due by July 31, 1994, whereas the Tax Deed recited that the park was granted to Flathead County on December 22, 1994, in consideration of the sum of $653.99.

¶19. Glantz contends that the Tax Deed should be declared null and void because of the discrepancies between the amounts listed in the Tax Deed and the amounts listed in the Notice That A Tax Deed May Be Issued. While Glantz concedes that the November 1994 taxes would have become due and payable between the time the notice was issued and the Tax Deed was granted, she contends that there is no correlation between the amount of the November taxes and the difference in the amounts listed on the notice and on the Tax Deed.

¶20. Glantz relies on *Tax Lien Services v. Hall* (1996), 277 Mont. 126, 919 P.2d 396, for the idea that any inaccuracies in the Notice That A Tax Deed May Be Issued, renders the Tax Deed null and void. While this is an accurate reading of our holding in *Hall*, that case is distinguishable from the facts in the case before us. In *Hall*, there were clear and admitted discrepancies and inaccuracies within the notice itself. In

the case *sub judice*, Glantz has not shown that the amounts listed in the Notice That A Tax Deed May Be Issued are inaccurate. Rather, she only points to the fact that the amounts in the notice differ from the amounts in the Tax Deed.

¶21. This Court has firmly maintained the position that, because a property owner's fundamental interests are at stake in tax deed proceedings, such proceedings "demand punctilious compliance with all statutory and procedural requirements." *Isern v. Summerfield*, 1998 MT 45, ¶ 10, 956 P.2d 28, ¶ 10, 55 St.Rep. 177, ¶ 10 (citations omitted). However, there is no statutory requirement that the taxes, penalties, interest and costs set forth in the Notice That A Tax Deed May Be Issued be identical to those in the Tax Deed. *See* §§ 15-18-212 and 213, MCA. In fact, since a Tax Deed cannot be issued less than 60 days after the Notice That A Tax Deed May Be Issued, the interest and costs set forth in the Tax Deed will inevitably differ from those in the notice. Additional interest and costs will accrue between the date of issuance of the notice and the date of issuance of the Tax Deed.

¶22. Furthermore, § 15-18-212, MCA, the statute that sets forth the requirements for issuance of a Notice That A Tax Deed May Be Issued, provides that the notice must contain:

the amount of taxes due, including penalties, interest, and costs, *as of the date of the notice of pending tax deed issuance*, which amount must include a separate listing of the delinquent taxes, penalties, interest, and costs that must be paid for the property tax lien to be liquidated. . . .

Section 15-18-212(6)(e), MCA (emphasis added). In contrast, the statutory form of a Tax Deed, as set forth in § 15-18-213(1), MCA, includes the phrase "in consideration of the sum of $ ...... paid," thus requiring the inclusion of the total amount due at the time of the issuance of the Tax Deed.

¶23. Accordingly, we hold that the information set forth in a Tax Deed need not, and in most cases cannot, be identical to the information set forth in the Notice That A Tax Deed May Be Issued.

## Issue 2.

**¶24.** *Whether multiple notices may be placed in the same envelope for mailing.*

**¶25. The Flathead County Clerk and Recorder placed seven Notices That A Tax Deed May Be Issued, each for a different parcel of real property, in one envelope and mailed them to Glantz. Glantz contends that § 15-18-212, MCA, requires that each notice must be placed in a separate envelope. We disagree.**

**¶26. Section 15-18-212, MCA, provides, in pertinent part:**

(1) Not more than 60 days prior to and not more than 60 days following the expiration of the redemption period provided in 15-18-111, a notice must be given as follows:

(a) for each property for which there has been issued to the county a tax sale certificate or for which the county is otherwise listed as the purchaser or assignee, the county clerk shall notify all persons considered interested parties in the property and the current occupant of the property, if any, that a tax deed may be issued to the county unless the property tax lien is redeemed prior to the expiration date of the redemption period . . . .

While this statute does require that a separate notice must be issued for each property, nowhere in this statute, or any other statute, is it required that each notice must be mailed in a separate envelope. To conclude that there was such a requirement would be to read that requirement into the statute which we are constrained from doing. "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA.

**¶27. Glantz also argues that because § 15-18-212(4), MCA, refers to "notice" rather than "notices," that is further evidence that each notice must be placed in a separate envelope. Glantz is again incorrect. Under the general rules of statutory construction, "[t]he singular includes the plural and the plural the singular." Section 1-2-105(3), MCA.**

**¶28. Accordingly, we hold that multiple notices of the issuance of Tax Deeds may be**

**placed in the same envelope for mailing.**

**Issue 3.**

¶29. *Whether the Proof Of Notice For Issuance Of Tax Deed in this case complied with the statutory requirements.*

¶30. Glantz contends that the Proof Of Notice For Issuance Of Tax Deed did not comply with the statutory requirements because it was acknowledged, rather than subscribed and sworn to, by the Clerk and Recorder. Glantz argues that § 15-18-216, MCA, requires that the proof of notice must include the phrase: "Subscribed and sworn to before me this ___ (Date)." Glantz's argument is without merit.

¶31. While § 15-18-216, MCA, does provide a form to follow in issuing the proof of notice, use of that form is not mandatory. Section 15-18-216, MCA, states that "[t]he proof of notice *may* be made as follows[.]" Hence, use of the phrase: "Subscribed and Sworn to before me this ___ (Date)," in the proof of notice is also not mandatory.

¶32. Accordingly, we hold that the Proof Of Notice For Issuance Of Tax Deed did comply with the statutory requirements.

**Issue 4.**

¶33. *Whether a description of property in a Notice That A Tax Deed May Be Issued must include the full legal description.*

¶34. Glantz contends that Flathead County erred by not including the full legal description of the park in the Notice That A Tax Deed May Be Issued and, thus, the Tax Deed is null and void. The Boyeses and Flathead County argue that Glantz did not raise this issue in the District Court and that we should not address it on appeal. *See Rasmussen v. Lee* (1996), 276 Mont. 84, 88, 916 P.2d 98, 100; *Insured Titles, Inc. v. McDonald* (1996), 275 Mont. 111, 118, 911 P.2d 209, 213.

**¶35. On the contrary, in her affidavit filed in support of her Memorandum in Opposition to Motion for Summary Judgment, Glantz stated:**

Finally, the Notice utilized by the County Treasurer to obtain a Tax Deed is insufficient to give Affiant sufficient notice of the land involved. The shorthand description was 28-29-21 Granite View and then the word "Park" appears on the far right-hand side. The full legal description is "The Park as shown on the plat of Granite View Subdivision, according to the map or plat thereof on file and of record in the office of the Clerk and Recorder of Flathead County, Montana," as shown on the Tax Deed itself.

Therefore, we conclude that Glantz did raise this issue below and we will address its merits.

**¶36. Section 15-18-211(1), MCA, requires that the Tax Deed contain the full legal description of the property. On the other hand, § 15-18-212(6)(b), MCA, requires that the Notice That A Tax Deed May Be Issued contain "a description of the property on which the taxes are or were delinquent, *which must be the same as the description of the property on the tax sale certificate* or in the record described in 15-17-214(2)(b)."**

**¶37. Furthermore, a tax sale certificate need not use the full legal description of the property in question. The statute setting forth the requirements for a tax sale certificate merely states that the certificate contain "a description of the property on which the taxes were assessed." Section 15-17-212(1)(d), MCA. Consequently, there is no statutory requirement that a Notice That A Tax Deed May Be Issued contain the full legal description of the property in question.**

**¶38. Glantz relies on this Court's recent decision in *Isern v. Summerfield*, 1998 MT 45, 956 P.2d 28, 55 St.Rep. 177, for the proposition that the full legal description of the property in question must be included in the Notice That A Tax Deed May Be Issued. Glantz's reliance is misplaced.**

**¶39. In *Isern*, the adequacy of the legal description contained in the notice was not at issue. Rather, we held in *Isern* that a *Tax Deed* must contain the full legal description of the property. *Isern*, ¶¶ 18-19. In so holding, we cited the case of *Hudson v.***

*McDonald* (1987), 229 Mont. 426, 747 P.2d 221, and stated that, in *Hudson,* "this Court set aside a *notice of application for a tax deed* that included an improperly abbreviated legal description and no identification of the county where the property was located." *Isern*, ¶ 19 (emphasis added). Because we used the word "notice" in our reading of *Hudson*, Glantz has incorrectly interpreted that to refer to a Notice That A Tax Deed May Be Issued. Hence, Glantz argues that, in the case before us, the use of an abbreviated legal description created a defect in the Notice That A Tax Deed May Be Issued thus requiring us to set the notice aside.

¶40. In actuality, the "notice" that was set aside in *Hudson* was a notice that was published in the local newspaper pursuant to § 15-18-202(3), MCA (repealed 1987). We held in *Hudson*, that the published notice was fatally defective because it omitted the section, township, and range of the property, and, more importantly, the county where the property is situated. We reasoned that, for publication purposes, the abbreviated description did not adequately identify the location of the subject property. *Hudson*, 229 Mont. at 431, 747 P.2d at 223-24.

¶41. In contrast, in the case before us on appeal, the legal description contained in the Notice That A Tax Deed May Be Issued was adequate to identify the location of the subject property. Even though the legal description did not in itself contain the county where the property is located, the notice was issued by Flathead County, making it quite evident that the property must be situated in Flathead County.

¶42. Furthermore, rather than a published notice to the general public, as in *Hudson*, the notice at issue here was sent directly to Glantz. Since Glantz owned only one parcel of real property known as the "Park" in Granite View Subdivision, the abbreviated legal description in the Notice That A Tax Deed May Be Issued was sufficient to give Glantz notice of what property the notice pertained to.

¶43. Accordingly, we hold that the description of property in a Notice That A Tax Deed May Be Issued need not include the full legal description of the property unless, pursuant to § 15-18-212(6)(b), MCA, the full legal description was used on the tax sale certificate or in the record described in § 15-17-214(2)(b), MCA.

## Conclusion

¶44. Having concluded that there were no defects in the tax sale proceedings and that Flathead County did follow the statutory requirements in issuing the Tax Deed and in conveying the park to the Boyeses by way of a Grant Deed, we affirm the District Court's grant of summary judgment and the court's Decree quieting title to the Boyeses.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.