

DA 13-0030

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 162N

JEFFREY SHOWELL,

      Plaintiff and Appellant,

  v.

ELMER E. LUNDVALL and FAYE L. LUNDVALL,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 11-1087(c)
Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeffrey Showell, self-represented; Bowling Green, Ohio

      For Appellees:

          Paul A. Sandry; Johnson, Bert, & Saxby, PLLP; Kalispell, Montana

                        Submitted on Briefs:   May 15, 2013

                                  Decided:   June 18, 2013

Filed:

_____
                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeffrey Showell appeals the Eleventh Judicial District Court's entry of summary judgment in favor of Elmer and Faye Lundvall refusing to quiet title in Showell's name to the Lundvalls' Flathead County property for which Showell had obtained a tax deed. We affirm.

¶3 The Lundvalls purchased the real property in question in October 2005. Elmer Lundvall, who was ninety-one years old at the time of the District Court's order, lives on his farm outside of Greeley, Colorado. His wife, Faye Lundvall, lives in an assisted living facility in Greeley. Mr. Lundvall received and paid the first tax notice on the Flathead County property after the Lundvalls' purchase. Following that payment, the U.S. Postal Service discontinued delivery to his farm address and redirected his mail to a Greeley post office box. The County did not send subsequent tax notices to the post office address and Mr. Lundvall did not pay the outstanding property taxes.

¶4 On August 12, 2011, the Flathead County Treasurer issued a tax deed to Showell on the basis that the Lundvalls failed to redeem a tax lien pursuant to a notice of same that Showell executed on June 10, 2011. Showell then filed a complaint for quiet title.

2

On the parties' competing motions for summary judgment, the District Court ruled on December 31, 2012, that the tax deed was void because the Flathead County Treasurer had failed to send notices to all "easily ascertainable" addresses that could be found in county records. Relying on *Isern v. Summerfield*, 1998 MT 45, ¶ 14, 287 Mont. 461, 956 P.2d 28, the court ruled that since Mr. Lundvall's correct address was on file with Flathead County by virtue of his vehicle registrations, the County should have used that address in sending its notice of the pending issuance of the tax deed. Showell filed a notice of appeal to this Court on January 11, 2013. Judgment was entered for the Lundvalls on January 15, 2013, declaring the tax deed void and of no effect.

¶5 On January 22, 2013, Showell issued another Notice That a Tax Deed May Be Issued. The Notice was sent to the Lundvalls at their post office box address in Greeley, advising them that the property taxes became delinquent on June 1, 2008, that Showell had acquired the lien, and that the total amount of taxes, penalties, interest and costs then due was $6,835.87. The Notice further advised that if all such taxes, penalties, interest and costs were not paid to the county treasurer on or prior to March 29, 2013, the date the redemption period was to expire, a tax deed may be issued. Pursuant to the Notice, the Lundvalls paid to the Flathead County Treasurer, on February 22, 2013, the amount due with additional interest, for a total of $6,906.25, and obtained a Certificate of Redemption, which they have attached to their brief on appeal.

¶6 Showell argues on appeal that a landowner has a duty to keep the county taxing authorities apprised of his current address and, since Elmer Lundvall failed to do so, the

3

District Court erred in declaring the tax deed void. We are obliged, however, to resolve the threshold issue of mootness before addressing the underlying dispute. *Briese v. Mont. Pub. Employees' Ret. Bd.*, 2012 MT 192, ¶ 14, 366 Mont. 148, 285 P.3d 550. "The fundamental question to be answered in any review of possible mootness is 'whether it is possible to grant some form of effective relief to the appellant.'" *Briese*, ¶ 14 (quoting *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 37, 364 Mont. 390, 276 P.3d 867). We have dismissed appeals on mootness grounds where we have determined that "[t]here is nothing in this case now for us to decide. It has been disposed of by the parties themselves pending the appeal." *Stuivenga*, ¶ 27 (quoting *Snell v. Welch*, 28 Mont. 482, 483, 72 P. 988, 988 (1903)) (internal quotation marks omitted). While we rejected the notion in *Stuivenga* that satisfaction of a money judgment automatically moots an appeal, we observed that "[t]he question of mootness is whether this Court can grant effective relief, which will depend on the specific factual and procedural circumstances of the particular case and the relief sought by the appellant." *Stuivenga*, ¶ 43.

¶7 In this case, the parties' actions pending the appeal have settled the issue of the property's ownership. Showell acknowledges that a property owner may redeem the property from a tax lien by payment of the taxes with interest, penalties and costs, but argues that his second notice of tax deed was required in order to shield his tax lien from cancellation. *See* § 15-18-212(3)(b), MCA. Showell, however, had the option of seeking a stay of the District Court's judgment in accordance with M. R. App. P. 22. He did not do so, either in the District Court or before this Court. Instead, he complied with the

judgment and issued a new notice, curing the address defect by sending the notice to Lundvalls at their post office box in Greeley. The Lundvalls having liquidated the tax lien and obtained a certificate of redemption, Showell no longer holds an interest in the property.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Because the events that have transpired since entry of judgment preclude us from granting effective relief for Showell, the issue he raises is moot and the appeal is DISMISSED with prejudice.


/S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JIM RICE