

DA 13-0744

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 164N

MICHAEL R. BRACKEN,

      Plaintiff and Appellant,

  v.

MCDONNELL ENTERPRISES, INC.,
d/b/a BIG SKY COLLISION CENTER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 12-0744
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          W. Scott Green, Patten, Peterman, Bekkedahl & Green, PLLC, Billings, Montana

      For Appellee:

          Brian Kohn, Attorney at Law, Billings, Montana

Submitted on Briefs:  June 11, 2014
Decided:  June 24, 2014

Filed:

_____
                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1       Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2       Michael Bracken appeals from the District Court's Order and Memorandum dated October 29, 2013, granting summary judgment to McDonnell Enterprises.  We reverse and remand.

¶3       In September 2011 a car driven by a third party collided with Bracken's 2009 Infiniti M35XS.  The collision was the fault of the other driver, who was insured by Safeco.  Safeco does not insure McDonnell's Big Sky Collision Center and is not a party to this litigation.  Bracken took his Infiniti to Big Sky for repairs.  Big Sky attempted to repair Bracken's vehicle but failed to adequately do so after several attempts.  Safeco agreed with Bracken that Big Sky's repair of the Infiniti was substandard and determined that the vehicle was a "total loss."  Safeco made a unilateral determination that the value of Bracken's Infiniti prior to the accident had been $34,860 and that it had a "salvage value" of $8455.62.  Bracken elected to keep the vehicle and so Safeco paid him the difference between those two sums, or $26,455.69.  Bracken did not enter any settlement of his claim with the other driver and did not enter a settlement with Safeco.

¶4       Bracken brought this action against Big Sky for damages and for violation of the Montana Consumer Protection Act, § 30-14-101, et seq., MCA.  He sought to recover

2

damages including the value of the Infiniti, the cost of replacement transportation, the cost of getting the repairs properly done, and treble damages under the Consumer Protection Act.

¶5 Big Sky moved for summary judgment, contending that Bracken could not maintain an action for damages because he had suffered no loss arising from the damage to his vehicle. The motion was based solely upon Safeco's unilateral determination of Bracken's loss, and payment of that amount to Bracken on behalf of the other driver. The District Court granted summary judgment to McDonnell, concluding that Bracken's damage was "the value of the car had the accident not occurred." The District Court determined that the $34,860 pre-accident value set by Safeco was in fact the pre-accident value of the vehicle. The District Court dismissed Bracken's argument that the Infiniti was worth as much as $55,000 as an attempt to obtain a new vehicle to replace his used vehicle. The District Court concluded that Bracken could not maintain any action against Big Sky, including his claim under the Consumer Protection Act, because all his losses had been paid by Safeco.

¶6 A party is not entitled to summary judgment unless "there is no genuine issue of material fact and the party is entitled to judgment as a matter of law." M. R. Civ. P. 56(c). A court considering summary judgment must view the evidence in a light most favorable to the non-moving party. *Thornton v. Flathead County*, 2009 MT 367, ¶ 13, 353 Mont. 252, 220 P.3d 395. Summary judgment is not appropriate unless the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." M. R. Civ. P. 56(c)(3); *Boyes v. Eddie*, 1998 MT 311, ¶ 16, 292 Mont. 152, 970 P.2d. 91.

3

¶7 Here there was clearly a genuine issue of material fact regarding the pre-accident value of the Infiniti vehicle and regarding the other categories of loss that Bracken seeks to recover from Big Sky. Big Sky's motion for summary judgment relied solely upon Safeco's unilateral determination of the vehicle's value. Big Sky did not submit any affidavits or other admissible evidence except for copies of Safeco correspondence attached to its brief. Bracken opposed the motion for summary judgment and submitted excerpts of deposition testimony and his own affidavit. The affidavit affirmed the amount he had received from Safeco; that he had not entered a settlement of his claims with anyone; that he had installed $10,000 worth of after-market equipment on the vehicle; that the vehicle was worth approximately $60,000 prior to the accident; that the replacement cost for a substantially similar vehicle would be $55,000; that he had incurred $7,000 in damage as a result of having to use alternative transportation; and that he had spent time and money to take the vehicle to Spokane seeking to have it repaired.

¶8 A plaintiff's proof of damage is an essential component of a negligence action, *Causenbury v. Mortensen*, 1999 MT 221, ¶ 21, 296 Mont. 25, 987 P.2d 351, and is therefore a material issue in this case. Bracken contended through his affidavit and other materials submitted in opposition to the motion for summary judgment that he suffered more damage than the vehicle value determined by Safeco.

¶9 The party seeking summary judgment, Big Sky in this case, has the burden to demonstrate that there is no genuine issue of material fact, and then the burden shifts to the opposing party to present evidence of a dispute over material facts. *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, ¶¶ 25-26, 304 Mont. 356, 22 P.3d 631. In the present case Bracken met

4

the burden of demonstrating the existence of a genuine dispute as to the nature and extent of his damages. The District Court incorrectly determined that Safeco's unilateral determination of the "total loss" value of Bracken's Infiniti was both the measure and limit of Bracken's damages. Considering the materials submitted by the parties and construing the evidence in the light most favorable to Bracken as the party opposing summary judgment, there is a genuine issue as to the nature and extent of damages and Bracken is entitled to prove his claims.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. Because there is a genuine issue of material fact in this case, the District Court failed to apply settled Montana law and erred in granting summary judgment to Big Sky on the negligence and Consumer Protection Act claims.

¶11 Reversed and remanded for further proceedings.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

5