FILED

February 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0099

DA 14-0099

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 65N

ZINVEST, LLC,

        Plaintiff and Appellant,

    v.

JOHN J. VOTH, JR.; COLLECTION
BUREAU SERVICES, INC; CACH, LLC;
CMB COLLECTIONS, INC.;
NATHAN C. EDGHILL,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                  In and For the County of Ravalli, Cause No. DV 12-515
                  Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                W. Scott Green, Patten, Peterman, Bekkedahl & Green, PLLC; Billings,
                Montana

        For Appellee John J. Voth, Jr.:

                William J. Nelson, Nelson Law Office, PLLC; Hamilton, Montana

        For Appellee CBM Collections:

                Andrew C. Clegg, CBM Collections, Inc.; Missoula, Montana

                        Submitted on Briefs:  January 14, 2015
                                Decided:  February 24, 2015

Filed:

                             _____
                                     Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Zinvest, LLC, appeals the order and judgment of the Twenty-First Judicial District Court, Ravalli County, which held that Zinvest's tax deed to Voth's Property[1] was void due to the Ravalli County Treasurer's failure to file an affidavit of publication with the County Clerk and Recorder pursuant to § 15-17-123, MCA. We reverse and remand.

¶3 Voth failed to pay property taxes for tax years 2008, 2009, 2010, and 2011 on the Property located in Ravalli County, Montana. Although the County Treasurer published a notice of sale of delinquent tax lien on the Property in the Bitterroot Star Newspaper in 2010, 2011, and 2012 for the delinquent tax years of 2008 to 2011, an affidavit of publication was filed with the Clerk and Recorder for only two of the four delinquent tax years: 2010 and 2011. Ravalli County acquired the Property after no one purchased it in the first three tax sales.

¶4 In June 2012, Zinvest paid the delinquent taxes on the Property. The County Treasurer issued Zinvest an assignment of tax sale certificate for the Property. On September 27, 2012, the County Treasurer issued Zinvest a tax deed to the Property. On

---

[1] The legal description of Voth's property at issue is as follows: "A TRACT OF LAND IN THE NW 1/4 SE 1/4 OF SECTION 11, TOWNSHIP 8 NORTH, RANGE 20 WEST, P.M.M., RAVALLI COUNTY, MONTANA, AND BEING MORE PARTICULARLY DESCRIBED AS TRACT 48, CERTIFICATE OF SURVEY NO. 173." We refer to the land at issue as the "Property."

2

November 9, 2012, Zinvest filed a quiet title action to the Property. On November 29, 2013, Voth filed a motion for summary judgment. Zinvest answered and filed a cross motion for summary judgment. On January 22, 2014, the District Court entered an order declaring the tax deed issued to Zinvest by the County Treasurer void due to the County Treasurer's failure to file an affidavit of publication as required by § 15-17-123, MCA. The District Court entered its final judgment on February 5, 2014. Zinvest appealed to this Court.

¶5 We review a district court's grant of summary judgment de novo. If there are no genuine issues of material fact, we determine whether the district court correctly concluded that the moving party is entitled to judgment as a matter of law. We review this legal conclusion for correctness. A statutory interpretation is a conclusion of law, which we review to determine whether the district court's interpretation of the law is correct. *Zinvest, LLC v. Hudgins*, (*Hudgins*), 2014 MT 201, ¶ 11, 376 Mont. 72, 330 P.3d 1135 (citing *Tacke v. Mont. Lakeshore Props., LLC*, 2011 MT 197, ¶ 9, 361 Mont. 390, 260 P.3d 128).

¶6 "Both Montana's Constitution and the Constitution of the United States provide that no person shall be deprived of property without due process of law." *Isern v. Summerfield*, 1998 MT 45, ¶ 9, 287 Mont. 461, 956 P.2d 28 (citing U.S. Const. amend. XIV, § 1; Mont. Const. art. II, § 17). Due process requires that "one deprived of his property must be given notice and an opportunity to defend." *Ball v. Gee*, 243 Mont. 406, 413, 795 P.2d 82, 86 (1990).

¶7 Section 15-17-123, MCA, provides:

(1) Immediately following publication or posting of the notice required in 15-17-122, the county treasurer shall file a copy of the notice with the county

3

clerk. The copy must be accompanied by an affidavit signed by the county treasurer stating:

(a) the name of the newspaper and its address of publication; and

(b) the dates the notice was published.

(2) If no newspaper is published in the county, the affidavit must list the locations and date of the posting required by 15-17-122.

(3) The affidavit filed under subsection (1) or (2) is prima facie evidence of all the facts stated therein.

¶8 On July 29, 2014, we decided *Zinvest, LLC v. Hudgins*, in which we reversed the District Court and held that the County Treasurer's failure to provide an affidavit of publication to the Clerk and Recorder pursuant to § 15-17-123, MCA, did not render Zinvest's tax deed void. *Hudgins*, ¶ 19. Zinvest argues that the facts of this case are identical to *Hudgins*. Zinvest asserts that, like the defendants in *Hudgins*, the defendants in this case were afforded adequate due process before the deprivation of their property as required by both the United States and the Montana Constitutions. U.S. Const. amend. XIV, § 1; Mont. Const. art. II, § 17. We agree.

¶9 In order for our holding in *Hudgins* to not control the outcome of this particular case, it must be in some way distinguishable. Voth attempts to distinguish his case from *Hudgins* by asserting that, unlike the defendants in *Hudgins*, the District Court did not specifically find that he had actual notice of the tax sale of his property. Voth asserts that tax sale proceedings "demand punctilious compliance with all statutory and procedural requirements" to protect a property owners' due process rights, quoting *Isern*, ¶ 10. Voth argues that his due process rights were violated by the County Treasurer's failure to comply with § 15-17-123, MCA, and therefore the tax deed issued to Zinvest is void. Voth's argument is without merit.

4

¶10 Voth raises the issue of his actual and constructive notice of the tax sale for the first time in this appeal. In the District Court, Voth did not argue that he had no notice of the tax sale of his property. To the contrary, Voth compared his case to *Hudgins* in his motion for summary judgment by stating, "The *only* differences in the two cases include the names of the Defendants and the amounts paid to acquire the Tax Deeds." (Emphasis added.) Furthermore, Zinvest stated in its cross motion for summary judgment that "[i]t is undisputed that Voth received both actual and constructive notice [of the tax sale]," and Voth did not dispute this assertion. We generally decline to address arguments raised for the first time on appeal. *State v. Reim*, 2014 MT 108, ¶ 28, 374 Mont. 487, 323 P.3d 880 (citations omitted). Voth cannot argue to the District Court that his case is in all material respects identical to *Hudgins* and now reverse course and argue for the first time on appeal that they are distinguishable when it suits his purpose.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court incorrectly interpreted. As was the case in *Hudgins*, the County Treasurer's failure to comply with § 15-17-123, MCA, for tax years 2008 and 2009 did not render Zinvest's tax deed to the Property void.

¶12 Reversed and remanded.


/S/ JAMES JEREMIAH SHEA

We Concur:

5

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE


Justice Laurie McKinnon, dissenting.

¶13　For the reasons stated in my dissent in *Zinvest, LLC v. Hudgins*, 2014 MT 201, ¶¶ 22-24, 376 Mont. 72, 330 P.3d 1135 (McKinnon, J., dissenting), I believe that strict compliance to the statutory provisions of § 15-17-123, MCA, is required in order to ensure continuity of notice and due process. These procedures set forth by the legislature provide for due process, both procedurally and substantively, and do not allow for judicial manipulation of their provisions.

/S/ LAURIE McKINNON