

DA 07-0437

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2008 MT 262

LEGAL RESOURCES AGENCY, LLC,
a Montana limited liability company,

        Plaintiff and Appellee,

  v.

LOUISE CECILIA ARMSTRONG, et al,
and RAYMOND BEAN,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 2006-237
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           J. Devlan Geddes, Jim Barr Coleman, Goetz, Gallik & Baldwin, P.C.,
Bozeman, Montana

           J. G. Shockley, J.G. Shockley, P.C., Victor, Montana

      For Appellee:

           Martin S. King, Worden, Thane, P.C., Missoula, Montana

                              Submitted on Briefs:  June 18, 2008

                                  Decided:  July 29, 2008

Filed:

                        _____
                                Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Raymond Bean (Bean) appeals from an entry of default and a grant of summary judgment in favor of Legal Resources Agency, LLC (LRA), in the Twenty-First Judicial District, Ravalli County. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Louise Cecelia Armstrong (Armstrong) was the fee simple owner of a 10-acre parcel of real property (Property) located on North Burnt Fork Road near Stevensville, Montana. Armstrong had failed to pay taxes on the Property starting in the second half of 2000, and has not paid taxes on the Property to this day. On July 17, 2001, Ravalli County held a tax sale proceeding on the Property. At that time, no person came forth to pay any of the delinquent taxes on the Property. Accordingly, Ravalli County was held to be the purchaser of a tax lien on the Property pursuant to § 15-17-214, MCA.

¶3 On September 15, 2005, LRA obtained an assignment of rights, title, and interest in the Property upon payment of delinquent taxes and other associated fees. The assignment was recorded in Ravalli County on September 27, 2005. LRA then sought a tax deed to the Property. Under § 15-18-212(1)(a), MCA, LRA was required to notify all interested parties, owners, and occupants of the Property that a tax deed might be issued unless the property tax lien was redeemed within the period of redemption as set forth by statute. Section 15-18-111, MCA, specifies who is entitled to redeem a property tax lien. It reads in pertinent part as follows:

> (1) [R]edemption of a property tax lien acquired at a tax lien sale or otherwise may be made by the owner, the holder of an unrecorded or improperly recorded interest, the occupant of the property, or any

2

interested party within 36 months from the date of the first day of the tax lien sale or within 60 days following the giving of the notice required in 15-18-212, whichever is later.

.    .    .

(3) For the purposes of this chapter, an "interested party" includes a mortgagee, vendor of a contract for deed or the vendor's successor in interest, lienholder, or other person who has a properly recorded interest in the property. *A person who has an interest in property on which there is a property tax lien but which interest is not properly recorded is not an interested party for the purposes of this chapter.*

Section 15-18-111(1) and (3), MCA (emphasis added).

¶4    On January 6, 2006, LRA sent notice by certified mail to Armstrong at her last known address in Stevensville that a tax deed might be issued on the Property. The Property had two legal street addresses: 528 North Burnt Fork Road, and 530 North Burnt Fork Road. LRA sent certified notice to 528 North Burnt Fork Road. Both that notice and the notice sent to Armstrong were returned as undeliverable. Notice of the tax deed was then published in the *Ravalli Republic* on January 13 and 20, 2006. On March 13, 2006, LRA was issued a tax deed for the Property and recorded it on March 17, 2006.

¶5    On May 26, 2006, LRA filed a quiet title action in Ravalli County District Court against Armstrong and any unknown persons who might claim any title, right, or interest in the Property. On June 1, 2006, LRA also filed a lis pendens action against the same parties. LRA was eventually able to locate Armstrong through a process server in Boise, Idaho, and gave her personal notice of the quiet title action on June 5, 2006.

¶6    Bean is a Missoula resident who deals in mobile homes and automobiles. Bean became acquainted with Armstrong sometime in 2000, and claims that in October 2000

3

he entered into an agreement with Armstrong to purchase the Property. Since that time, Bean claims he has made monthly payments of roughly $1,200.00 based on the agreement with Armstrong to purchase the Property. Bean also claims that he has occupied the Property since October 2000, has operated a salvage yard there since 2001, and has rented a house on the Property to third parties since January 2005. Although Bean claims to be the owner of the Property, he admits he has never paid taxes on it. Moreover, Bean has never recorded any ownership interest in the Property with the Ravalli County clerk and recorder. Bean claims that he never received any notice of the tax deed sale, or that taxes due on the Property were delinquent. He also maintains that LRA has never attempted to serve him.

¶7 On June 26, 2006, after Armstrong received notice of the quiet title and lis pendens actions, she filed a pro se motion to dismiss which was subsequently denied by the District Court. On August 1, 2006, Armstrong filed an answer opposing the quiet title action in which she argued that she had not given up or relinquished her rights in the Property, that LRA did not pursue all available avenues to notify her of the tax deed sale, that she was willing to pay delinquent taxes on the Property, and that the Ravalli County treasurer had failed to take the appropriate steps to notify her that taxes were due on the Property. Although this answer was filed pro se, Bean signed the certificate of service which was dated June 23, 2006.

¶8 On September 21, 2006, LRA moved for an order for service of summons by publication in its quiet title action. LRA argued that it had made a diligent search for any parties who might claim any title, right or interest in the Property, and found only

4

Armstrong. The District Court issued an order for service of summons by publication on September 22. That same day, LRA filed a summons for publication. A summons regarding the quiet title action was subsequently published in the *Ravalli Republic* once per week, for three consecutive weeks beginning on September 29, 2006.

¶9 On October 10, 2006, Armstrong filed a response to LRA's motion for service of summons by publication. In her motion, Armstrong asserted that LRA did not make a diligent search for the persons who might claim title to the Property, including Bean, whom Armstrong asserted was the current occupant/purchaser of the Property and was the registered operator of a salvage yard there. Although not licensed to practice law in the state of Montana, Bean himself prepared a motion for Armstrong to include him as a party to the quiet title action which was filed that same day. On November 1, LRA opposed the motion to include Bean as a party to the quiet title action, arguing that if he wished to appear in the quiet title action he was required to make a timely response to the publication of the summons and complaint under the Montana Rules of Civil Procedure.

¶10 On November 9, 2006, LRA filed an application for an entry of default against all unknown defendants. It was granted by the clerk of the District Court that same day on the grounds that no unknown persons had appeared in District Court after the required publication of the summons. On November 13, four days after the entry of default and approximately one month after the summons by publication was completed, Bean filed an answer to the quiet title action. On November 15, the District Court denied Armstrong's motion to include Bean as a party to the suit.

¶11 On November 28, 2006, LRA moved for an entry of default judgment against all unknown defendants pursuant to M. R. Civ. P. 55(b)(2), and also moved for summary judgment in its quiet title action against Armstrong and Bean pursuant to M. R. Civ. P. 56(a). LRA argued that it had complied with all the statutory and notice requirements to obtain a tax deed to the Property, and that the defendants had failed to pay delinquent taxes on the Property or take the other necessary steps to redeem the tax lien. Bean, appearing as a "person unknown," moved the District Court to set aside the entry of default on the grounds the notice was deficient, and opposed LRA's summary judgment motion arguing that the required statutory procedures for the tax deed sale had not been followed. On May 3, 2007, the District Court held a hearing on these respective motions.

¶12 On May 29, 2007, the District Court granted LRA's motions and title to the Property was quieted in its favor. With respect to Armstrong, the District Court concluded that she had notice of the quiet title action, that she did not dispute the taxes assessed against the Property, and that she had not made an attempt to tender payment to redeem the Property. Accordingly, the District Court granted summary judgment on LRA's quiet title action against her. With respect to Bean, the District Court concluded that Bean had failed to pay any taxes on the Property, that he failed to present credible evidence that he was an owner, occupant or an interested party in the Property, and that LRA was not in fact required to provide him with actual notice under the statutes governing the ownership interest in lands acquired through taxes sales in Title 15, chapter 18, MCA. In particular, the District Court noted that Bean did not qualify as an occupant of the Property or an "interested party" under § 15-18-111(3), MCA. (*See* ¶ 3.)

6

¶13 The District Court further concluded that LRA had properly served notice on the current occupants of the Property as required under § 15-18-212, MCA. As noted above, the Property had two mail boxes, but LRA sent certified notice to only one of those. Bean asserted that LRA was required to send notice to both, and that only the location at 530 North Burnt Fork Road actually had an occupant. Consequently, Bean argued the notice sent by LRA was deficient. The District Court rejected that argument concluding that either mailbox was sufficient. Additionally, Bean argued that the Ravalli County treasurer had notice of his interest in the Property by virtue of a license Bean possessed to operate a salvage yard there, and should have ensured he had notice of the tax sale of the Property. However, the District Court noted that Bean failed to provide documentation of this license and, further, that Bean had testified he secured his license in 2006—five years after the county treasurer actually conducted the tax sale.

¶14 In opposing summary judgment, Bean also argued before the District Court that the statutory requirements for acquiring property by tax sale had not been met and that the proceedings were generally deficient. However, the District Court rejected these challenges as well, concluding that the procedural and documentary requirements for tax sales of property had been strictly followed. Accordingly, the District Court granted LRA's summary judgment motion.

¶15 The District Court also rejected Bean's motion to have the District Court set aside the entry of default. The District Court concluded that the default against Bean as an unknown defendant was proper. In particular the District Court noted that as an unknown defendant Bean had twenty days to respond under the Montana Rules of Civil Procedure

7

after summons by publication had been completed. In this case, summons by publication was completed on October 13, 2006, thus giving unknown defendants, such as Bean, until November 5, 2006, to respond. However, Bean did not respond until November 13, 2006. Accordingly, the District Court concluded that Bean had failed to show good cause to set aside the entry of default under M. R. Civ. P. 55(c), and that the clerk's actions in entering the default were entirely proper under the Montana Rules of Civil Procedure.

¶16 Bean now challenges the District Court's decision, presenting three issues on appeal. First, he argues that the District Court erred when it denied his motion to set aside the entry of default in favor of LRA. Second, he maintains that the District Court improperly granted summary judgment to LRA because the tax deed statutes in Title 15, chapters 17 and 18 were not strictly followed. Third, he argues the District Court improperly granted summary judgment to LRA because he raised a genuine issue of material fact regarding the date of the tax lien sale. We find the first issue dispositive; accordingly, there is no need to reach Bean's other arguments. Thus, we state the sole issue on appeal as follows:

¶17 *Did the District Court slightly abuse its discretion when it denied Bean's motion to set aside the entry of default in favor of LRA?*

**STANDARD OF REVIEW**

¶18 We review a district court's decision to grant or deny a motion to set aside an entry of default for good cause under M. R. Civ. P. 55(c) under the slight abuse of discretion standard. *Engelsberger v. Lake Co.*, 2007 MT 211, ¶ 11, 339 Mont. 22, ¶ 11, 167 P.3d 902, ¶ 11. To determine whether good cause exists we consider the factors

8

originally set forth in *Cribb v. Matlock Commun., Inc.*, 236 Mont. 27, 768 P.2d 337 (1989), which we recently stated as follows:

> (1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim. The court must also balance the interests of the defendant in the adjudication of his defense on the merits, against the interests of the public and the court in the orderly and timely administration of justice.

*Engelsberger*, ¶ 12 (quotation omitted).

¶19 In general, findings of fact in support of a district court's decision must not be clearly erroneous and must be supported by substantial evidence. *State v. Breeding*, 2008 MT 162, ¶ 11, 343 Mont. 323, ¶ 11, 184 P.3d 313, ¶ 11. Moreover, "if a default is set aside, a judgment upon which it is based must be vacated. Conversely, if a default is not set aside, a judgment entered as a result of that default will not be vacated." *Engelsberger*, ¶ 10 (citation omitted).

## DISCUSSION

¶20 Bean argues that he has shown good cause to set aside the entry of default under M. R. Civ. P. 55(c) and the *Cribb* factors, and that the District Court slightly abused its discretion in denying his motion. Under factor (1) he argues that his default was not willful because as soon as he discovered the existence of the quiet title action he took actions to protect his property rights, including drafting for Armstrong a motion to include him as a party to the suit. After that motion was denied, Bean hired an attorney and filed an answer to LRA's quiet title action seeking further to defend his interests. With respect to factor (2), Bean argues that LRA will not be prejudiced if the default is

9

set aside because the only consequence to LRA is that it will then be forced to litigate the merits of its quiet title action against him.

¶21 Under factor (3) Bean argues that he has presented a meritorious defense by proving that he was purchasing the Property, was an occupant of the Property during the entire time in question, and both rented out the Property to third parties and operated a business there. Bean argues he did not receive proper notice that taxes on the Property were delinquent until after LRA had acquired a tax deed and filed its quiet title action. Additionally, Bean asserts that there is "little doubt" that his default was a good faith mistake on his part and that a default against him would be unduly harsh, as he would lose the money he had paid to Armstrong for the Property, the Property itself, and the business he operates there.

¶22 We affirm the District Court and conclude it did not even slightly abuse its discretion in denying Bean's motion to set aside the entry of default. With respect to factor (1) from *Cribb*, the District Court concluded that Bean's default was willful because he knew of the quiet title action as early as June 23, 2006, but did not move to intervene or make an appearance to defend his title. Instead, Bean chose to draft documents on his own behalf in Armstrong's name. (*See* ¶ 9.) Under these circumstances, the District Court found that Bean's default was willful. Bean has not presented any evidence or argument on appeal to demonstrate that the findings supporting this conclusion were not supported by substantial evidence and that his failure to intervene was not willful. Moreover, the record reflects that Bean did not seek to intervene until November 13, 2006—four days after the entry of default by the clerk of

10

the District Court. With regard to factor (2), the District Court agreed with Bean that this factor weighed in his favor because the prejudice of losing property rights outweighed any prejudice to LRA in having to litigate the merits of its quiet title action.

¶23 Most importantly, Bean has failed to prove that his defense to the quiet title action has any merit under factor (3). In *Tax Lien Servs v. Hall*, 277 Mont. 126, 131, 919 P.2d 396, 399 (1996), we stated that when "the identity of the property owner is known or otherwise readily ascertainable . . . [due process] requires actual rather than constructive notice prior to a proceeding which will adversely affect the liberty or property interests of the party." Because Bean has never been an owner of record of the Property and not readily ascertainable as such, he was not entitled to actual notice of the tax deed proceedings under *Hall*.

¶24 Moreover, Bean has provided no authority showing that he is either an "occupant" of the Property or an "interested party" under the statutes governing tax sales of property. As the District Court correctly noted, under § 15-18-111, MCA, only an owner, holder of an unrecorded or improperly recorded interest, occupant, or an "interested party" has the right to redeem a property tax lien acquired at a tax sale. Bean falls into none of these categories. In fact, Bean himself testified that he had no intention of purchasing the Property until after he obtained a salvage yard license. Yet he did not acquire this license until 2006, which was approximately a year after the tax lien was assigned to LRA and nearly five years after the original tax sale.

¶25 As regard to Bean's status as an "occupant" on the Property, the District Court correctly concluded that under *Gentry Mont. Enters., Inc. v. McDonald*, 2004 MT 322,

11

324 Mont. 67, 101 P.3d 767, *Spain-Morrow Ranch, Inc. v. West*, 264 Mont. 441, 872 P.2d 330 (1994), and *Hudson v. McDonald*, 229 Mont. 426, 747 P.2d 221 (1987), a person cannot qualify as an occupant under the tax sale statutes unless he holds some interest in the property, or his occupancy of the disputed property is otherwise proven. *Gentry*, ¶ 25 (person entitled to notice under tax sale statutes when assigned property rights by Flathead County); *Spain-Morrow Ranch*, 264 Mont. at 446, 872 P.2d at 334 (parties required to receive notice of tax sale when findings of occupancy were uncontroverted); *Hudson*, 229 Mont. at 430, 747 P.2d at 223 (notice under tax sale statutes deficient when person seeking a tax deed knew the property in question was occupied but failed to serve occupant with notice). In granting summary judgment to LRA on its quiet title action with respect to Bean, the District Court found Bean failed to establish that he was an occupant of the Property at the time of the tax sale, or at any other time, and that "Bean's testimony at the hearing was full of contradictions, and further conflicts exist between his testimony, affidavit, exhibits, and pleadings. The Court did not find him a credible witness." We generally defer to credibility determinations made by a district court. *State v. Bieber*, 2007 MT 262, ¶ 23, 339 Mont. 309, ¶ 23, 170 P.3d 444, ¶ 23. Bean has failed to demonstrate that the District Court's findings regarding his status as an "occupant" on the Property during the time in question in this case were not supported by substantial evidence.

¶26 Moreover, as noted by the District Court, even assuming arguendo that Bean was entitled to notice as an "occupant" under § 15-18-111, MCA, his right to redeem was either within 36 months of the date of the tax sale (in this case, July 17, 2004), or within

sixty days after notice pursuant to § 15-18-212, MCA, whichever is later. Here, LRA sent notice by certified mail to 528 North Burnt Fork Road, which was returned undeliverable on January 9, 2006. Although Bean maintains that LRA was required to service notice at both 528 and 530 North Burnt Fork Road, he provides no authority to support this position. Under this timeframe, Bean had until March 10, 2006, to exercise his right to redeem, but failed to do so.

## CONCLUSION

¶27     We conclude that the District Court did not even slightly abuse its discretion in denying Bean's motion to set aside the entry of default. Thus, we affirm its decision.


/S/ PATRICIA COTTER


We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS