DA 09-0145

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 312

MOBLEY AND SONS, INC.,

        Plaintiff and Appellee,

   v.

MATT WEAVER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-08-816C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            John H. Tarlow, Margaret C. Weamer, Tarlow Stonecipher & Steele,
PLLC, Bozeman, Montana

        For Appellee:

            Donald E. White, Attorney at Law, Bozeman, Montana

                      Submitted on Briefs:  August 12, 2009

                              Decided:  September 22, 2009

Filed:

               _____
                        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Mobley and Sons, Inc. sued Matt Weaver in the Eighteenth Judicial District Court for Weaver's alleged failure to pay for services rendered pursuant to a contract between the parties. The District Court entered a default judgment against Weaver on the ground that Weaver failed to file a timely response to Mobley's Complaint. Weaver moved to have the default judgment set aside and the District Court did not issue an order within 60 days; therefore, the motion was deemed denied. Weaver appeals. We reverse and remand.

## ISSUE

¶2    Did the District Court slightly abuse its discretion by denying Weaver's motion to set aside the default judgment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Weaver is a shareholder and employee of Five Rivers, Inc., a corporation that designs and constructs ponds, streams and wetlands. Mobley and Sons (Mobley) is a Montana corporation that built ponds, installed power lines, dug ditches and performed other construction work in Wyoming on a Five Rivers' project in 2007. After Mobley completed the work, Five Rivers made payments to Mobley for several months but, according to Mobley, stopped making payments in June 2008, leaving an unpaid balance of $65,467.11. In October 2008, Mobley filed a Complaint naming Weaver, rather than Five Rivers, as the defendant, seeking payment of the above-referenced balance plus interest. The parties dispute whether Five Rivers or Weaver is the proper defendant.

2

Weaver claims the contract with Mobley was between Five Rivers and Mobley. Mobley asserts that it contracted personally with Weaver.

¶4   Weaver was served with the Complaint on November 10, 2008, and had until December 2, 2008, to file his answer. He failed to do so. On December 3, Mobley moved for default judgment. Mobley's attorney filed an affidavit in support of Mobley's motion for default judgment in which he claimed Mobley and Weaver entered into a contract under which Mobley would perform the above-described work. Counsel also stated in the affidavit that under the contract Mobley was to bill Weaver directly for time and materials provided on the project and that Weaver failed to pay the billed amount. The affidavit included a statement of "amount due" that included the alleged unpaid balance, $272 in interest accrued from the last payment in June 2008 and $238 in costs, for a total of $65,977.11. On December 3, the Clerk of the Eighteenth Judicial District Court entered a default as well as the judgment by default against Weaver, ordering him to pay $65,977.11, plus 10% per annum interest from the date of judgment.

¶5   On December 11, Weaver moved to set aside the default judgment and Mobley filed a timely objection to the motion. On February 18, 2009, the District Court granted Weaver's motion. Mobley then challenged the District Court's jurisdiction to enter its February 18 order, arguing that the District Court lost jurisdiction of the matter on February 9, 2009, sixty days after Weaver filed his motion to set aside the default judgment. In response, Weaver filed an Emergency Motion to Reconsider, Remediate Clerical Error Pursuant to Rule 60(a), or Alternatively Motion for Nunc Pro Tunc and Brief in Support (Emergency Motion). Mobley then filed a special pleading in support of

its challenge on March 4, 2009, arguing that under M. R. Civ. P. 59(d), the court was required to rule on Weaver's motion within 60 days. Mobley maintained that because the District Court did not respond within 60 days, the motion was deemed denied and the District Court no longer had jurisdiction over the matter.

¶6 Weaver, on the other hand, urged the District Court to exercise its authority to "correct a clerical error" or utilize its "nunc pro tunc" authority, both of which could be implemented by back-dating the order. Weaver asserted that such action was appropriate because it was "indisputably" the court's intention to meet the 60-day requirement.

¶7 The court held a hearing on Weaver's Emergency Motion on March 4. On March 10, the District Court denied Weaver's motion, set aside its February 18 order, and reinstated the December 3 default judgment. It also denied Mobley's request for attorney fees and costs.

¶8 Weaver appeals the court's March 10 order.

**STANDARD OF REVIEW**

¶9 We review a district court's decision to grant or deny a motion to set aside an entry of default for good cause under M. R. Civ. P. 55(c) under the slight abuse of discretion standard. To determine whether good cause exists we consider the factors originally set forth in *Cribb v. Matlock Communications, Inc.*, 236 Mont. 27, 30, 768 P.2d 337, 339 (1989): (1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim. The court must also balance the interests of the defendant in the adjudication of his defense on the merits, against the

4

interests of the public and the court in the orderly and timely administration of justice. *Legal Resources Agency, LLC v. Armstrong*, 2008 MT 262, ¶¶ 18-19, 345 Mont. 115, 191 P.3d 368 (internal citations omitted).

**DISCUSSION**

¶10 *Did the District Court slightly abuse its discretion by denying Weaver's motion to set aside the default judgment?*

¶11 M.. R. Civ. P. 55(a) (Rule 55) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Additionally, Rule 55(b) provides, in part, that "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear . . . ."

¶12 The primary issue before us is the proper identity of the "party" and the "defendant" as referenced in the above statutes. Mobley sought a judgment against Weaver, individually, and argues on appeal the correctness of its position. Weaver asserted to the District Court and to this Court that Five Rivers is the correct party because Five Rivers contracted with Mobley, not Weaver, individually. Weaver professes that Mobley misrepresented, or worse, fraudulently represented to the court that Weaver was the proper party defendant. This misrepresentation or fraudulent

representation, argues Weaver, justifies relief from the District Court's March 10 order reinstating the default judgment.

¶13    The documents Mobley filed with the District Court did indeed allege that Weaver was the proper defendant. Certainly, had Weaver filed a timely response to Mobley's Complaint he would have addressed this issue but his failure to do so set in motion the default followed by the District Court's untimely ruling. We conclude, however, that the untimely actions of Weaver and the District Court do not drive the outcome of this case.

¶14    As noted above, the clerk of court is authorized to enter a judgment by default upon the filing of an affidavit for a sum certain. Rule 55(b). Mobley's attorney submitted an Affidavit in Support of Motion to Enter Default Judgment. This affidavit asserted that Mobley, "a Corporation" and Weaver, "a resident of Gallatin County, Montana," entered into an agreement in May 2007. The affiant described the work that Mobley would perform under this agreement as well as the billing arrangement purportedly agreed upon by the parties. Mobley's attorney continued in his affidavit that Mobley properly submitted the invoices and Weaver failed to pay all of them. The attorney set forth the unpaid amounts, including costs and calculated interest. Based upon this affidavit, the Clerk of Court entered judgment by default and instructed Weaver to pay the amount demanded.

¶15    We conclude Mobley's attorney's affidavit was flawed and therefore functionally defective. Mobley's attorney was not present at the time the parties discussed the contract terms; therefore, he has no personal knowledge of the identity of the parties, the job description the parties agreed upon, or the billing arrangements. While he stated in

6

the affidavit that he was "familiar with the facts herein," he was clearly testifying to information provided by his client, the veracity of which he had no personal knowledge. In *Mountain States Resources, Inc. v. Ehlert*, 195 Mont. 496, 503, 636 P.2d 868, 872, (1981), we evaluated the sufficiency of an affidavit. We said:

> An affidavit is defined as "a written statement, under oath, sworn to or affirmed by the person making it before some person who has authority to administer an oath or affirmation." (Citations omitted.) The maker must have personal knowledge of the information contained in the statement and must swear to its validity.

*See also McDermott v. Carie, LLC*, 2005 MT 293, ¶ 26, 329 Mont. 295, 124 P.3d 168.

¶16 Here, Mobley's attorney testified via affidavit to significant and disputed factual issues well outside of his personal knowledge. This being so, we conclude that the affidavit was improperly relied upon to support the entry of default judgment. *McDermott,* ¶ 26 (improper affidavit cannot support bill of costs).

¶17 Finally, we note that the District Court correctly concluded it lost jurisdiction over this matter on the day Weaver's motion was deemed denied for the court's failure to issue a timely order. Having so concluded, the appropriate action would have been to simply revoke its February 18 order. Upon such a revocation, Weaver was then free to appeal the deemed denial of his motion. Given that the District Court was without jurisdiction, it had no authority to reinstate the default judgment in any event.

## CONCLUSION

¶18 For the foregoing reasons, we vacate the default judgment and reverse and remand this matter to the District Court for further proceedings in accordance with this Opinion.

7

/S/ PATRICIA O. COTTER


We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS