NO. 95-395

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

TAX LIEN SERVICES,

      Plaintiff and Respondent,

   V.

LELAND L. HALL,

      Defendant and Appellant,

   and

LAKE COUNTY, a political subdivision of
the State of Montana, and unknown heirs and
the unknown devisees of any defendant who may
be deceased, and ALL OTHER PERSONS, claiming
or who might claim any right, title, estate,
or interest in or lien or encumbrance upon,
the real property described in the Complaint,
or any part thereof adverse to Plaintiff's
possible claim, be it present or contingent,
including any claim or possible claim of
dower, inchoate or accrued,

      Defendants.

FILED

JUL 12 1996

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twentieth Judicial District,
               In and for the County of Lake,
               The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         James C. Bartlett, Hash, O'Brien & Bartlett,
         Kalispell, Montana

      For Respondents:

         Keith W. McCurdy, McCurdy Law Firm, Polson, Montana

         Deborah Kim Christopher, County Attorney, Polson,
         Montana

For Intervenor:

Hon. Joseph P. Mazurek, Attorney General; Clay R. Smith, Solicitor, Helena, Montana

For Amici Curiae:

J. Cort Harrington, Helena, Montana (Montana County Treasurers Association)

John Alke and Stephen M. Frankino, Hughes, Kellner, Sullivan and Alke, Helena, Montana (Montana Taxpayers Association)

Heard: May 21, 1996
Submitted: May 31, 1996

Decided: July 12, 1996

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Leland L. Hall appeals a judgment of the Twentieth Judicial District Court, Lake County. The court ruled that errors in obtaining a tax deed to Hall's Lake County property were cured by the publication of a Notice of Claim of Tax Title pursuant to § 15-18-413, MCA. We reverse and remand.

The issue is whether the applicant for the tax deed, Tax Lien Services, Inc., may avoid having the tax deed declared null and void by publishing notice required by § 15-18-413, MCA, to cure defects in the notice provided pursuant to § 15-18-212, MCA.

Leland L. Hall failed to pay real property taxes on property he owned in Lake County, Montana, for the years 1989, 1990, 1991, and 1992. The Lake County Treasurer used the following legal description of the property: Tr in SW 1/4 NW 1/4 Tr 1 COS 4012 4.815 Acres, 3-26-19.

In April 1993, Tax Lien Services, Inc. (TLS), obtained an assignment of a Certificate of Tax Sale from the Lake County Treasurer for the property. TLS mailed and published a notice to all interested parties, including Hall at his Lake County address as it appeared in the records of the Lake County Treasurer. The County Treasurer issued a tax deed to TLS on October 29, 1993.

On November 11 and 18, 1993, TLS caused the Lake County Leader, a newspaper in Lake County, to run a "Corrected Notice of Claim of a Tax Title." On March 25, 1994, TLS filed this action to quiet title to the real property. Conceding defects in the earlier notice to obtain a tax deed, TLS relied solely on the "Corrected Notice of Claim of a Tax Title" as a basis to obtain quiet title to

3

the real property. The complaint alleged that the "Corrected Notice of Claim of a Tax Title" established that all defects in the tax proceedings and any right of redemption were considered "waived."

Hall filed an answer and a counterclaim alleging that TLS had failed to comply with the procedures and notice requirements to obtain a tax deed under § 15-18-212, MCA. Both parties moved for summary judgment, Hall also arguing that § 15-18-413, MCA, does not meet due process requirements. The District Court held that errors in obtaining the tax deed were cured by publication of the "Corrected Notice of Claim of a Tax Title" pursuant to § 15-18-413, MCA, which the court ruled did not violate the due process or equal protection clauses of either the United States or the Montana constitution. The court therefore entered judgment that TLS was the owner in fee simple of the subject real property.

## DISCUSSION

This action involves portions of Montana Code Annotated Title 15, Chapter 18, "Ownership interests in land sold for taxes." The statute here at issue, § 15-18-413, MCA, was enacted in 1987 to provide tax deed purchasers with an alternative to the quiet title action described under § 15-18-411, MCA. Section 15-18-413, MCA, provides:

> Title conveyed by deed--defects. (1) All deeds executed more than 3 years after the applicable tax sale convey to the grantee absolute title to the property described in the deed as of 3 years following the date of sale of the property interest at the tax sale.
>
> (2) The conveyance includes:

(a) all right, title, interest, estate, lien, claim, and demand of the state of Montana and of the county in and to the property; and

(b) the right, if the tax deed, tax sale, or any of the tax proceedings upon which the deed may be based are attacked and held irregular or void, to recover the unpaid taxes, interest, penalties, and costs that would accrue if the tax proceedings had been regular and it was desired to redeem the property.

(3) The tax deed is free of all encumbrances except as provided in 15-18-214(1)(a) through (1)(c).

(4) A tax deed is prima facie evidence of the right of possession accruing as of the date of the expiration of the redemption period described in 15-18-111.

(5) If any tax deed or deed purporting to be a tax deed is issued more than 3 years and 30 days after the date of the sale of the property interest at the applicable tax sale, the grantee may publish in the official newspaper of the county, once a week for 2 consecutive weeks, a notice entitled "Notice of Claim of a Tax Title". The notice must:

(a) describe all property claimed to have been acquired by a tax deed;

(b) contain an estimate of the amount due on the property for delinquent taxes, interest, penalties, and costs;

(c) contain a statement that for further specific information, reference must be made to the records in the office of the county treasurer;

(d) list the name and address of record of the person in whose name the property was assessed or taxed; and

(e) contain a statement that demand is made that the person assessed or taxed must, within 30 days after the first publication of the notice, pay to the claimant or to the county treasurer for use by the claimant the amount of taxes, interest, penalties, and costs as the same appear in the records of the county treasurer or bring a suit to quiet the true owner's title or to set aside the tax deed.

(6) A mistake in the amount or in any name specified in the notice does not invalidate the notice.

(7) (a) If within the 30-day period the taxes, interest, penalties, and costs are not paid or a quiet title action is not brought, all defects in the tax proceedings and any right of redemption is considered waived. Except as provided in subsection (7)(b), after the 30-day period the title to the property described in

5

the notice and in the tax deed is valid and binding, irrespective of any irregularities, defects, omissions, or total failure to observe any of the provisions of the laws of Montana regarding the assessment, levying of taxes, or sale of property for taxes and the giving of notices, whether or not such irregularities, defects, omissions, or failures could void the proceedings.

(b) The proceedings in subsection (7)(a) are void if the taxes were not delinquent or have been paid.

The first question before this Court is whether the above statute violates the due process clauses of the constitutions of the United States and of the State of Montana. As the discussion which follows will demonstrate, the governing standards under the Due Process Clause of the Fourteenth Amendment to the United States Constitution are clear. We therefore conclude that we need not determine whether the due process clause of the Montana Constitution, Article II, Section 17, provides greater protection than its federal counterpart

Section 15-18-413(5), MCA, provides for notice by publication of the claimed acquisition of property by tax deed to the delinquent taxpayer--the "person assessed." The statute then allows the "person assessed" an opportunity within the thirty-day period following the first publication of the notice to either reacquire the property through payment of the outstanding taxes, interest, penalties and costs, or to initiate a quiet title action in which the validity of the tax deed may be attacked. Section 15-18-413(5)(e), MCA. The first step in due process analysis is to examine the nature of the opportunities so provided, to determine whether a property interest is involved.

Section 15-18-413, MCA, essentially provides the "person assessed" with a right of redemption and a right to bring a quiet

title action.   This Court long has recognized that redemption generally is "a vested property right . of which the owner cannot be legally deprived except and only . by the giving of notice." Lowery v. Garfield County (1949), 122 Mont. 571, 582, 208 P.2d 478, 484.   Both the right to redemption and a right to bring a cause of action are property interests protected under the Due Process Clause of the Fourteenth Amendment.   Tulsa Professional Collection Services v. Pope (1988), 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565; Logan v. Zimmerman Brush Co. (1982), 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265.

Where, as here, the identity of the property owner is known or otherwise readily ascertainable, the Fourteenth Amendment requires actual rather than constructive notice prior to a proceeding which will adversely affect the liberty or property interests of the party.

> [A]ctual notice is a minimum constitutional precondition
> to a proceeding which will adversely affect the liberty
> or property interests of any party, whether unlettered or
> well versed in commercial practice,  if its name and
> address are reasonably ascertainable.

Mennonite Board of Missions v. Adams (1983), 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180, 188.   In Mennonite, the United States Supreme Court voided an Indiana tax sale of real property. The Court held that constructive notice of a pending tax sale by publication must be supplemented by personal service or notice mailed to the last known address of the mortgagee, the name of which was identified in a mortgage which was a public record. Mennonite, 462 U.S. at 798.

As discussed above, constructive notice is not constitutionally sufficient when the name and address of a party are reasonably ascertainable. Yet § 15-18-413(5), MCA, provides for constructive notice in all circumstances in which the tax deed is issued more than three years and thirty days after the tax sale. We hold that, to the extent that it deprives delinquent taxpayers whose names and addresses are reasonably ascertainable of repurchase or quiet-title-action filing rights if such rights are not exercised within thirty days of the first notice by publication, § 15-18-413, MCA, is unconstitutional under the Fourteenth Amendment to the United States Constitution.

Section 15-18-413, MCA, was enacted as Section 26 of Chapter 587, Laws of 1987. This legislative package "generally revis[ed] the laws relating to property tax collections, property tax delinquencies, and the tax deeding process." Title of Ch. 587, L. 1987.

If, when an unconstitutional part of an act is eliminated, the remainder is complete in itself and capable of being executed in accordance with the apparent legislative intent, it must be sustained. Montana Auto. Ass'n v. Greely (1981), 193 Mont. 378, 399, 632 P.2d 300, 311, citing Gullickson v. Mitchell (1942), 113 Mont. 359, 375, 126 P.2d 1106, 1114. In this case, it appears that the remainder of Chapter 587 is complete in itself and capable of being executed absent its Section 26, which has been codified as § 15-18-413, MCA.

The District Court stated that, for purposes of its ruling, it assumed arguendo that there were errors in the tax deed proceeding.

8

In its brief to the District Court on the summary judgment motions, TLS stated: "For purposes of the following argument, [TLS] acknowledges technical defects in the legal description and listing of the taxes, penalty, interest and costs in the Notice of Pending Tax Deed Issuance." While TLS views these defects as mere technicalities, we conclude they are fatal.

Section 15-18-212, MCA, sets forth the requirements for a notice of an intended issuance of a tax deed to real property. One requirement is that, in disclosing the amount of taxes due, a separate listing must be made of the delinquent taxes, penalties, interest and costs that must be paid for the property tax lien to be liquidated. Section 15-18-212(6)(e), MCA. TLS acknowledges including a cost of $35 twice in its notice and including the sum of $311.28 as a cost, which sum TLS admits may not have been includable. The result of these discrepancies is that TLS's notice did not accurately reflect the elements which the statute required to be itemized in the listing.

A notice of an intended issuance of a tax deed to real property must also include "a description of the property on which the taxes are or were delinquent, which must be the same as the description of the property on the tax sale certificate or in the record described in 15-17-214(2)(b)." Section 15-18-212(6)(b), MCA. The instruments prepared by TLS contain an erroneous legal description. In the notice published by TLS, the portion of the legal description of the subject real property which should have read "Tr 1" for "Tract 1," read instead "Tr/."

This Court long has held that procedures for obtaining a tax deed require strict statutory compliance. Moran v. Robbin (1993) 261 Mont. 478, 863 P.2d 395, and cases cited therein. The giving of notice is a critical element in the process, and compliance with statutory requirements is essential for jurisdictional purposes.

> A critical element in the process of applying for a tax deed requires the giving of notice by the tax deed applicant to the owner of the real property. The giving of notice is jurisdictional; if the legal requirements with respect to notice are not complied with, a county treasurer may not legally issue a tax deed.

Moran, 863 P.2d at 398.

In this case, the legal requirements for notice were not met in the process of applying for the tax deed. We conclude that sufficient error has been demonstrated to eliminate the need for a hearing on remand on the validity of the tax deed held by TLS. We hold that the tax deed issued to TLS is null and void.

## CONCLUSION

We hold that TLS may not avoid having the tax deed declared null and void by publishing notice required by § 15-18-413, MCA, in order to cure defects in the notice provided pursuant to § 15-18-212, MCA. We therefore reverse the decision of the District Court granting summary judgment for TLS. We direct that summary judgment be entered for Hall, and remand for further proceedings consistent with this Opinion.

_____
Chief Justice

10

We concur:

_Karla M. Gray_

_William E. Hunt Sr._

_____

_Terry Trieweiler_

_____

_W. William Leaphart_
Justices