

DA 07-0367

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 261

JEFFREY SHOWELL,

               Plaintiff and Appellant,

    v.

KARIENA J. BROSTEN, and all other persons,
unknown, claiming or who might claim any right,
title, estate or interest in or lien encumbrance upon
the real property described in the Complaint adverse
to the Plaintiff's title thereto, whether such claim or
possible claim be present or contingent,

               Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                       In and For the County of Flathead, Cause No. DV 06-673A
                       Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

               Jeffrey Showell, Pro Se, McGaheysville, Virginia

       For Appellees:

               Randall A. Snyder, Snyder Law Office, Bigfork, Montana

                       Submitted on Briefs:  January 23, 2008

                                Decided:  July 24, 2008

Filed:

                     _____
                                 Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Appellant Jeffrey Showell (Showell), a self-represented litigant, appeals from an order of the Eleventh Judicial District Court, Flathead County, denying his motion for summary judgment and granting summary judgment to Appellee, Kariena J. Brosten (Brosten), quieting title in her to an undeveloped 20-acre tract of land. We affirm.

¶2 Brosten inherited 20 acres of undeveloped land in the Swan Valley. She did not pay real property taxes on the tract for the years 2002, 2003 and 2004. Based on the unpaid taxes for 2002, the Flathead County Treasurer's office conducted a tax sale on July 24, 2003, and thereby acquired a tax lien against Brosten's real property.

¶3 Olympian Hiawatha, LLC (Hiawatha) is a business owned by Showell that acquires tax deeds. Hiawatha sent a "Notice of Pending Assignment" by certified mail to Brosten and thereafter purchased the tax lien from Flathead County on March 3, 2005, for $174.18. Based on copies of envelopes, certified mailing receipts and return receipts which are in the record, it appears that on May 26, 2006, Hiawatha mailed something to Brosten. In a later proof of notice form, described below, Showell, on behalf of Hiawatha, states that the envelope contained a notice that it would apply for a tax deed. However, no copy of the notice that was sent appears anywhere in the record. The envelope was apparently sent to Brosten at an address that was reflected in the Flathead County Clerk and Recorder's records, which was in California. At the same time, it appears that Hiawatha mailed to the occupant of the premises at the address shown in the county records. Likewise, no copy of what was mailed appears in the record. Both letters were returned undelivered. Upon return

of these envelopes, Hiawatha made no attempt to secure a tax deed.

¶4      Later in 2006, Hiawatha commenced a second attempt to foreclose the tax lien and acquire a tax deed to the property. Instead of again mailing notice of the intended foreclosure of its tax lien to Brosten as the record owner of the property, and again mailing notice to the occupant, Hiawatha, on June 22 and 29, 2006, caused a "Notice That A Tax Deed May Issue" to be published in the Daily Interlake, a local newspaper. This published notice stated that a tax deed would issue, unless the tax sale certificate was redeemed by August 21, 2006. The notice, in addition to listing other information, stated that the address of the interested party, Brosten, was unknown.

¶5      Hiawatha also filed a document entitled "proof of notice" with the Flathead County Clerk and Recorder on July 19, 2006. This document recited that the initial foreclosure attempt had been abandoned; there were no interested parties other than the owner; that in a previous foreclosure attempt, a certified letter to the owner was returned unclaimed; and that a certified letter addressed to the occupant, was marked "attempted—not known." Hiawatha's proof of notice stated that since Brosten's address was unknown, the initial foreclosure effort was abandoned and Hiawatha resorted to advertising. Attached to the proof of notice was an affidavit of publication of the notice and copies of the envelopes and certified receipts of the earlier mailings from May of 2006.

¶6      Hiawatha conveyed its interest in the premises to Showell by quit claim deed dated August 22, 2006. The Flathead County Treasurer issued a tax deed to Hiawatha on

3

September 6, 2006.

¶7     Showell signed the complaint in this action seeking to quiet title to the property in question on the same date he signed the quit claim deed conveying the property from Hiawatha to himself. The complaint was filed two days later on August 24, 2006. This was about two weeks before the tax deed was issued. A summons was issued to Brosten that same day.

¶8     The record does not reveal if, or how, summons was served. However, by September 13, 2006, Brosten had retained counsel. Brosten answered and filed her counterclaim on September 20, 2006. Both Showell and Brosten filed motions for summary judgment. Following oral argument, the District Court held, *inter alia*, the notice to Brosten, which led to issuing the tax deed, was deficient. The District Court voided Hiawatha's tax deed and entered judgment that title to the property would be quieted in Brosten when she paid Showell the amount statutorily required to redeem Hiawatha's tax sale certificate. Showell appeals.

¶9     We review a district court's grant of summary judgment *de novo*. *Nelson v. Cenex, Inc.*, 2008 MT 108, ¶ 13, 342 Mont. 371, ¶ 13, 181 P.3d 619, ¶ 13. The moving party must first prove that there are no material issues of fact. *Watkins Trust v. Lacosta*, 2004 MT 144, ¶ 16, 321 Mont. 432, ¶ 16, 92 P.3d 620 ¶ 16. We then determine whether the district court correctly ruled that the moving party is entitled to judgment as a matter of law. We review this legal conclusion for correctness. *Gentry Mont. Enters. v. McDonald*, 2004 MT 322,

4

¶ 12, 324 Mont. 67, ¶ 12, 101 P.3d 767, ¶ 12.  In this action, the operative facts are not contested.  Thus, we review the District Court's conclusions of law.

¶10     Showell argues on appeal that Hiawatha gave proper notice to the owner, Brosten, and that the treasurer was thus legally authorized to execute a valid tax deed to Hiawatha.  He further claims that because § 15-18-213(2), MCA (2005) provides that a tax deed issued in substantially the form set out therein is prima facie evidence, that it was issued in compliance with the law and the deed was in proper form, Hiawatha satisfied all of the requirements to secure a valid tax deed.[1]  Showell contends the District Court erred in requiring what he terms "super statutory" notice of foreclosure under § 15-18-212, MCA.  He claims that because Hiawatha made a good faith effort to give Brosten actual notice of the foreclosure by publishing the notice, Brosten thereby received constructive notice of Hiawatha's intent to foreclose the tax lien and obtain title to the property.

¶11     Brosten argues that there are multiple errors in the process used by Flathead County to assign its tax lien to Hiawatha and also in Hiawatha's foreclosure of the lien leading to the tax deed.  As we conclude that the tax deed is invalid based on failure to give proper notice as required by § 15-18-212, MCA, we discuss only the statutory requirement of notice to the owner of property which may be lost by virtue of a tax deed.

¶12     Section 15-18-111(1), MCA, allows the holder of a tax sale certificate, such as Hiawatha purchased from Flathead County, to apply for a tax deed to the property after a

---

[1] All references to statutes are to the 2005 version of the Montana Code Annotated, which was in effect at times pertinent to this matter.

redemption period of 36 months from the sale has elapsed, and after giving at least 60 days notice to the owner and other interested persons as provided in § 15-18-212, MCA.

¶13    Section 15-18-212, MCA, requires that the purchaser or assignee of a tax sale certificate give notice as follows:

> (1)  Not more than 60 days prior to and not more than 60 days following the expiration of the redemption period provided in 15-18-111, a notice must be given as follows:
>
> .   .   .
>
>     (b) for each property for which there has been issued a tax lien sale certificate to a purchaser other than the county or for which an assignment has been made, the purchaser or assignee, as appropriate, shall notify all persons considered interested parties in the property, if any, that a tax deed will be issued to the purchaser or assignee unless the property tax lien is redeemed prior to the expiration date of the redemption period.
>
> .   .   .
>
>     (4)  The notice required under subsections (1) and (2) must be made by certified mail, return receipt requested, to each interested party and the current occupant, if any, of the property.  The address to which the notice must be sent is, for each interested party, the address disclosed by the records in the office of the county clerk and recorder and, for the occupant, the street address or other known address of the subject property.
>
>     (5)   In all cases in which the address of an interested party is not known, the person required to give notice shall, within the period described in subsection (1) or not less than 60 days or more than 120 days prior to the date upon which the county treasurer will otherwise issue a tax deed, whichever is appropriate, commence publishing once a week for 2 successive weeks, in the official newspaper of the county or another newspaper as the board of county commissioners may by resolution designate, a notice containing the information contained in subsection (6), plus: . . . [hereafter is contained a list of the necessary information to be published in addition to that in subsection (6) of the statute].

6

Sections 15-18-212(1)(b), (4), (5), MCA.

¶14    Procedures for obtaining a tax deed require strict statutory compliance. *Tax Lien Services v. Hall*, 277 Mont. 126, 133, 919 P.2d 396, 400 (1996). A critical element in the process of obtaining a tax deed is giving notice to the owner of the real property. If the legal requirements with respect to the notice are not complied with, a county treasurer may not legally issue a tax deed. *Moran v. Robbin*, 261 Mont. 478, 483, 863 P.2d 395, 398 (1993). We have also held that when the statutory requirements are not strictly followed, due process rights are abridged. *Isern v. Summerfield*, 1998 MT 45, ¶ 20, 287 Mont. 461, ¶ 20, 956 P. 2d 28, ¶ 20.

¶15    In determining the sufficiency of the tax deed proceedings, the record alone is to be considered, and the county treasurer must ascertain from the documents filed as proof of notice whether the required notice has been given. *Moran*, 261 Mont. at 483, 863 P.2d at 398; *King v. Rosebud County*, 193 Mont. 268, 277-78, 631 P.2d 711, 716-17 (1981). A tax deed issued without the required proof of notice is void. *Moran*, 261 Mont. at 483, 863 P.2d at 398; *Perry v. Maves*, 125 Mont. 215, 217, 233 P.2d 820, 821 (1951).

¶16    In this case, Showell avers that in May, 2006, he mailed to Brosten at her address on record with the county clerk, a legally sufficient notice that a tax deed may issue. It is unknown what any such notice may have stated as it does not appear in the record. Showell states that this attempt to give the required notice to the owner of the property was then abandoned. Showell is correct. The county treasurer could not determine from the records

7

before her whether such alleged notice complied with the statutory requirements, and in particular whether it contained a redemption date that was the same as the redemption date in the notice that was later published in June. Hiawatha's first attempt to secure a tax deed was, indeed, abandoned and is of no effect. Hiawatha's second attempt at notice must necessarily be sufficient by itself, if the tax deed is to be deemed valid. *See Moran*, 261 Mont. at 483-84, 863 P.2d at 399.

¶17 Section 15-18-212, MCA, subsections (4) and (5) are not stated in the disjunctive. That is, the statute does not say that either mailing notice or publishing notice is sufficient by itself. Subsection (4) does say that notice must be mailed to the record owner at the address disclosed by the records in the office of the county clerk and recorder. Thus, as in *Moran*, we need not reach the issue of whether Hiawatha was required to publish notice after the mailed notice was returned unclaimed. *See Moran*, 261 Mont. at 484, 384, 863 P.2d at 399. However, it is clear from § 15-18-212(4), MCA, that in every instance, notice must be mailed to each interested party. As Hiawatha did not mail notice to Brosten, as well as publish it, proper notice was not given and the District Court did not err in concluding that its tax deed was void.

¶18 Our conclusion here is in accord with previously announced constitutional requirements. Notice of a pending tax sale by publication must be supplemented by personal service or notice mailed to the last known address of interested parties. *Tax Lien Services*, 277 Mont. 126, 131, 919 P.2d 396, 399 (citing *Mennonite Board of Missions v. Adams,* 462

8

U.S. 791, 798, 800, 103 S. Ct. 2706, 2711, 2712 (1983)); *see also Jones v. Flowers,* 547 U.S. 220, 126 S. Ct. 1708 (2006).

¶19　Constructive notice by publication that property may be lost by a tax deed is legally insufficient unless accompanied by personal service or notice mailed to the property owner's address contained in the county records.　Hiawatha's failure to strictly comply with the notice requirements of § 15-18-212, MCA, renders its tax deed void.　The judgment of the District Court is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS