# FILED

August 13 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0535

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 289N

STEVE HARRIS and RHEAN HARRIS,

        Plaintiffs and Appellants,

  v.

VINCENT O. LARSON and PENNI B. HOWARD,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DV-2004-107
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            L. Charles Evans, Attorney at Law, Libby, Montana

        For Appellee:

            Naomi R. Leisz, Leisz Law Office, P.C., Trout Creek, Montana

Submitted on Briefs:  July 23, 2008

Decided:  August 12, 2008

Filed:

_____
                   Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Steve and Rhean Harris (Harrises) appeal from several rulings in the District Court in the Twentieth Judicial District, Sanders County. These rulings related to the Harrises' attempted procurement of a tax deed to a parcel of real property located in Sanders County (Property). This Property was purchased by appellee Vincent O. Larson (Larson) sometime in 1994. Among those appealed rulings include an order which both denied the Harrises' motion for summary judgment in their quiet title action on the Property and declared the Harrises' tax deed to the Property void. We conclude that the District Court did not err in denying the Harrises' summary judgment motion and in declaring the tax deed null and void. Thus, we affirm its decision.

¶3 For the purpose of the present appeal, we will recite only those facts necessary for a resolution of the matter before us. Larson is currently a resident of the state of Washington and has been so for several years. As noted above, Larson purchased the Property in 1994. Sometime in 2000, taxes on the Property became delinquent, and a tax lien was attached to the Property when it was purchased by Sanders County at a tax sale held on July 18, 2001. On June 2, 2004, the Harrises were assigned the tax lien on the Property after paying Sanders County $ 309.79 for accrued taxes, penalties, costs and

2

interest.  The Harrises immediately sought a tax deed for the Property.  On June 2, 2004, they sent Larson a notice that a tax deed for the Property might be issued.  The notice was sent by certified mail to two addresses for Larson in Washington state, in compliance with § 15-18-212(4), MCA.  Both notices were returned unclaimed.

¶4    Because the Harrises knew Larson had an interest in the Property but were unable to provide him notice of the pending issuance of the tax deed, they published a "Notice of Pending Tax Deed Issuance" in the *Sanders County Ledger* on June 3 and June 10, 2004.  This action was taken in order to comply with the notice requirements as set forth in § 15-18-212(5), MCA.

¶5    Larson later claimed that he had appeared at the Sanders County Treasurer's Office sometime in August 2004 to inquire about the issuance of the tax deed on the Property, but was told that a tax deed would be issued and that there was nothing he could do to prevent the tax deed sale of the Property.  On August 3, 2004, the Harrises obtained a tax deed on the Property from the Sanders County Treasurer.

¶6    On September 2, 2004, the Harrises filed a complaint in the District Court seeking to quiet title to the Property.  On January 26, 2005, the Harrises moved for summary judgment in their quiet title action.  On March 1, 2005, Larson opposed the Harrises' motion for summary judgment and moved the District Court to declare the tax deed void for failure to comply with the statutory requirements set forth in the statutes governing the tax sales of property.  In particular, Larson maintained that the tax deed had been issued by Sanders County prior to the expiration of the period of redemption under

§ 15-18-111, MCA, and that notice requirements under § 15-18-212, MCA, were not properly followed.

¶7 On June 16, 2005, the District Court simultaneously denied the Harrises' summary judgment motion and granted Larson's motion to declare void the tax deed issued on the Property. Accordingly, the District Court concluded that Larson still had a right to redeem the property tax lien and reclaim the Property. The Harrises then appealed this order. On June 6, 2006, we dismissed the appeal because Penni B. Howard (Howard) had not yet appeared in the action, although she was named in the suit as an interested party. Howard was eventually served, disclaimed any interest in the Property, and consented to have judgment entered against her. After obtaining this consent, Larson moved to certify the District's Court's decision as final pursuant to M. R. Civ. 54(b). This motion was eventually granted, and the instant appeal followed.

¶8 The Harrises raise fourteen issues for the Court's consideration on appeal. We do not, however, need to review all of these issues in order to resolve the dispute before us. Instead, we find that the dispositive issue concerns whether the District Court correctly concluded that the tax deed issued to the Harrises was void.

¶9 A district court decision must be supported by appropriate findings of fact and conclusions of law. Findings of fact are reviewed under the clearly erroneous standard and conclusions of law are reviewed for correctness. *In re the Charles M. Bair Family Trust*, 2008 MT 144, ¶ 28, 343 Mont. 138, ¶ 28, 183 P.3d 61, ¶ 28.

¶10 The Harrises have failed to demonstrate that the District Court erred in concluding that the tax deed issued to them was void. As noted above, the Harrises first attempted to

4

provide Larson with notice of the pending issuance of the tax deed by certified mail in accordance with § 15-18-212(4), MCA. However, those notices were unclaimed and returned. The Harrises then sought to provide Larson with notice under § 15-18-212(5), MCA, as an "interested party" in the Property whose address was not known. To accomplish this, the Harrises published a notice of the pending issuance of a tax deed in the *Sanders County Ledger* once a week for two successive weeks, commencing on June 3 and concluding on June 10, 2004.

¶11 Once the publication of the notice was completed, the period within which Larson could redeem the tax lien began to run per § 15-18-111, MCA, which reads in pertinent part as follows:

> **Time for redemption -- interested party.** (1) Except as provided in subsection (2), redemption of a property tax lien acquired at a tax lien sale or otherwise may be made by the owner, the holder of an unrecorded or improperly recorded interest, the occupant of the property, or any interested party within 36 months from the date of the first day of the tax lien sale *or within 60 days following the giving of the notice required in 15-18-212, whichever is later.*

Section 15-18-111(1), MCA (emphasis added).

¶12 "This Court long has held that procedures for obtaining a tax deed require strict statutory compliance. The giving of notice is a critical element in the process, and compliance with statutory requirements is essential for jurisdictional purposes." *Tax Lien Servs. v. Hall*, 277 Mont. 126, 133, 919 P.2d 396, 400 (1996) (citing *Moran v. Robbin*, 261 Mont. 478, 863 P.2d 395 (1993)). Moreover, " 'if the legal requirements with respect to notice are not complied with, a county treasurer may not legally issue a tax deed.' " *Hall*, 277 Mont. at 133, 919 P.2d at 400 (quoting *Moran*, 261 Mont at 483, 863

P.2d at 398). As a consequence, if the statutory requirements for notice are not strictly adhered to, a tax deed is deemed null and void. *Hall*, 277 Mont. at 133, 919 P.2d at 400.

¶13 The District Court correctly concluded that the statutory requirements pertaining to notice of the tax deed sale were not strictly followed in this case. As § 15-18-111(1), MCA, makes clear, an interested party has the later of thirty six months from the date of the tax lien sale, or sixty days after notice requirements in § 15-18-212, MCA, have been followed, to redeem property which is potentially subject to sale by a tax deed. Since Larson was an interested party whose address was unknown after the two certified mailings failed, the Harrises were required to publish notice of the tax deed sale once a week for two successive weeks within the time frames described in § 15-18-212(5), MCA. This notice was published on June 3 and June 10, 2004. Thus, the notice requirements were complied with as of June 10. However, pursuant to the Harrises' request, the tax deed was issued on August 3, 2004, which is less than sixty days after June 10 (which in this case would be August 9, 2004). Pursuant to *Hall* and its predecessor cases, the tax deed was therefore null and void. Accordingly, the District Court did not err in granting Larson's motion to declare the tax deed void. Thus, we affirm the District Court's decision.

/S/ PATRICIA COTTER

We concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

6