JUSTICE NELSON
specially concurs.
¶19 I specially concur with the result of the Court’s Opinion on the unique facts of this case. That said, in my view, this decision should not be read to lessen, by one iota, this Court’s commitment to the principles of strict construction of tax deed proceedings set forth in Showell v. Brosten, 2008 MT 261, ¶ 14, 345 Mont. 108, 189 P.3d 1210 and Tax Lien Services v. Hall, 277 Mont. 126, 133, 919 P.2d 396, 400 (1996). If I believed the contrary to be true, I would not be joining this decision. In particular, despite the application of § 1-1-305, MCA, in *397 this case, I note that § 15-17-212(3), MCA (2007),[1] requires at least two weeks prior notice, not just two weeks prior notice. The Legislature’s use of the “at least” qualifier precludes the application of § 1-1-305, MCA, where the tax deed applicant has not given prior notice of two weeks plus something more than that. My concern is that the at least language of § 15-7-212(3), MCA, not be swallowed up in the Court’s decision here.
¶20 With that caveat, I specially concur.

 The 2009 version of the Montana Code Annotated did not change; therefore, the language is the same.