FILED

08/01/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0678

DA 16-0678

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 188N

ZINVEST, LLC.,

        Plaintiff, Appellant,
        and Cross-Appellee,

    v.

MISSOULA COUNTY TREASURER,
a Political Subdivision of the State of
Montana, and STELLA VAN OSTRAND,

        Defendants, Appellees,
        and Cross-Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV-14-379
                    Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                W. Scott Green, Daniel L. Snedigar, Patten, Peterman, Bekkdahl
                & Green, PLLC, Billings, Montana

        For Appellee Missoula County:

                Kirsten H. Pabst, Missoula County Attorney, Matt Jennings, Deputy
                County Attorney, Missoula, Montana

        For Appellee Stella Van Ostrand:

                Douglas R. Austin, Attorney at Law, Missoula, Montana

                          Submitted on Briefs:  June 14, 2017
                                    Decided:  August 1, 2017

Filed:

                                  _____
                                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Zinvest, LLC (Zinvest) appeals from a July 18, 2016 District Court order granting defendant's motion for summary judgment. We affirm.

¶3 Stella Van Ostrand and Roy Van Ostrand (Van Ostrand) own real property in Missoula County. The 2009 and 2010 property taxes became delinquent. Following a tax lien sale, the tax liens attached to the property. Missoula County was the purchaser. The tax liens were then assigned to Zinvest.

¶4 On June 7, 2013, Zinvest sent Van Ostrand a Notice That a Tax Deed May Be Issued (Notice). The Notice stated the county treasurer would issue a tax deed to Zinvest if Van Ostrand did not pay all taxes, penalties, interest, and costs on or prior to August 13, or "on or prior to the date on which the County Treasurer will otherwise issue a tax deed." On August 13, Zinvest sent Missoula County Treasurer (Treasurer) three blank checks with reference numbers for tax deeds on the memo line. On August 15, Zinvest called the Treasurer inquiring about the blank checks; the Treasurer did not receive the checks until August 16. The Treasurer informed Zinvest that Van Ostrand paid the overdue taxes and redeemed the property.

2

¶5 Meanwhile, Van Ostrand's attorney attempted to pay the tax lien by credit card on August 14, 2013. The Treasurer did not get Van Ostrand's attorney's message until August 15. On August 15, Roy Van Ostrand appeared at the Treasurer's office to pay off the tax lien. The Treasurer called Van Ostrand's attorney, received payment by credit card, and recorded a Certificate of Redemption of Property Sold for Taxes.

¶6 Zinvest sued the Treasurer for damages based on the alleged improper redemption; Van Ostrand was later joined as a party. On April 16, 2015, Zinvest moved for summary judgment. The Treasurer and Van Ostrand responded and filed a cross-motion for summary judgment. On July 18, 2016, the District Court granted the Treasurer and Van Ostrand's summary judgment motions.

¶7 We review de novo a district court's grant or denial of summary judgment, applying the same criteria of M. R. Civ. P. 56 as a district court. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839. We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous. *Pilgeram*, ¶ 9. Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, show there is an absence of any genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3).

¶8 Zinvest argues the Treasurer improperly issued a Certificate of Redemption of Property Sold for Taxes to Van Ostrand after the 60-day notice period expired. In Montana when a property owner becomes delinquent on their taxes, the taxes may become a lien on the property. Section 15-17-122, MCA. Once a lien is placed on real

property, the county or a purchaser of the tax lien must notify the property owner that a tax deed may be issued if the delinquent taxes are not paid. For a private (or non-county) purchaser, the statutes provide for issuance of a tax deed if redemption has not occurred by the time the redemption period has expired, which must be stated in the notice to the property owner. Section 15-18-212(1)(b), MCA.

¶9    Here, Zinvest utilized the statutory form notice in § 15-18-215, MCA. Its Notice stated the county treasurer would issue a tax deed to Zinvest if Van Ostrand did not pay all taxes, penalties, interest, and costs on or prior to August 13, or "on or prior to the date on which the County Treasurer will otherwise issue a tax deed." This Notice provided Van Ostrand additional time to complete redemption. Van Ostrand could redeem the property at any time prior to the Treasurer issuing a tax deed. No tax deed had been issued at the time Van Ostrand's attorney left a message for the Treasurer or by the time Roy Van Ostrand came to the Treasurer's office to arrange payment for the lien. Per its Notice, Zinvest was eligible for the tax deed on August 14, 2013, and the Treasurer could permit redemption at any time prior to the tax deed being issued.

¶10   We have repeatedly held that procedures for obtaining a tax deed "require strict statutory compliance" and "[i]f the legal requirements with respect to the notice are not complied with, a county treasurer may not legally issue a tax deed." *Showell v. Brosten*, 2008 MT 261, ¶ 14, 345 Mont. 108, 189 P.3d 1210. A tax deed can issue only upon compliance with the notice provided to the property owner, and thus, Van Ostrand was entitled to the benefit of the additional time Zinvest's Notice provided to her.

¶11 The tax lien statutes protect two interests, the local government's interest in collecting taxes for services and the interest in protecting the fundamental rights of a property owner who is in danger of losing their property for failure or inability to pay taxes. A purchaser of a tax lien has no fundamental right to obtain the property.

¶12 The Missoula County Treasurer properly allowed Van Ostrand to redeem the property after the tax lien was paid in accordance with the Notice Zinvest provided. Therefore, Zinvest's argument for damages needs not be reached. Zinvest was given a statutory 10% interest as compensation for the risk assumed by obtaining the lien assignment. Sections 15-18-114, 15-16-102, MCA. As per the general rule, we decline to award attorney's fees to any party.

¶13 No genuine issue of material fact existed and the District Court properly granted summary judgment to Missoula County and Van Ostrand.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON

/S/ JIM RICE