FILED

11/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0609

DA 21-0609

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 224

WELLS FARGO BANK, N.A.,

       Plaintiff, Appellant,
       and Cross-Appellee,

   v.

ZINVEST, LLC,

       Defendant, Appellee,
       and Cross-Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV-20-796
                Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Chandler P. Thompson, Akerman LLP, Salt Lake City, Utah

           Taylor T. Haywood, Akerman LLP, Denver, Colorado

      For Appellee:

           W. Scott Green, Patten, Peterman, Bekkedahl & Green, PLLC, Billings, Montana

Submitted on Briefs: October 5, 2022

Decided: November 9, 2022

Filed:

_____
               Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Wells Fargo Bank, N.A. appeals the orders of the Fourth Judicial District Court, Missoula County, denying Wells Fargo's motion for summary judgment, granting Zinvest, LLC's motion for summary judgment, and granting Zinvest's motion for attorney fees. We reverse.

¶2    We restate the issue on appeal as follows:

*Whether Zinvest provided Wells Fargo proper notice the tax deeds may issue as required by § 15-18-212, MCA?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3    Wells Fargo holds a Deed of Trust, recorded on June 15, 2004, against two parcels of land assigned tax parcels 2281204 and 2281300 by the Missoula County treasurer. The Deed of Trust identifies Wells Fargo Bank, N.A. as the lender and the lender's address as "P.O. Box 10304, Des Moines, IA 503060304." The Deed of Trust further provides that "[t]ax statements should be sent to: Wells Fargo Home Mortgage, P.O. Box 10304, Des Moines, IA 503060304," the same as the lender's Iowa address. Finally, the Deed of Trust identifies a "return to" address for Wells Fargo Home Mortgage of "3601 Minnesota Dr. Suite 200, Bloomington, MN 55435."

¶4    The taxes assessed against each parcel for the tax year 2014 were unpaid. On July 15, 2015, the Missoula County treasurer conducted a tax lien sale for both parcels. Missoula County purchased the tax liens and issued tax sale certificates to itself. In March of 2016, the Missoula County treasurer executed a county treasurer's certificate of tax sale for both parcels and assigned the certificates to Zinvest. The tax sale certificates stated

"[a] tax deed shall be issued to the purchaser on or after the 15th day of July, 2017, after notification has been duly given as required by law, unless the property is redeemed in the manner as described by law."

¶5 On June 1, 2018, Zinvest obtained two Litigation Guarantees from Stewart Title for the tax parcels. The Litigation Guarantees indicated that they identified "[t]he current interest holders claiming some right, title or interest by reason of the matters shown in Part II of Schedule B," and then provided in Schedule C "[t]he return addresses for mailing after recording, if any, as shown on each and every document referred to in Part II of Schedule B by specific recording information. . . ." In Part II of Schedule B, the Litigation Guarantees identified the Deed of Trust, with Wells Fargo Bank, N.A. as the beneficiary. In Schedule C, the Litigation Guarantees identified the mailing address for Wells Fargo Bank, N.A. as "3601 Minnesota Dr, Suite 200, Bloomington, MN 55435," the Deed of Trust's "return to" address in Minnesota. The Litigation Guarantees did not provide the Deed of Trust's designated Iowa address for the lender.

¶6 On June 15, 2018, Zinvest mailed notices that tax deeds may issue to Wells Fargo Bank, N.A. at the Minnesota address provided in the Litigation Guarantees. The notices were returned to Zinvest marked "return to sender – not deliverable as addressed – unable to forward." On June 15 and June 22, 2018, Zinvest published notices of the pending tax deeds in the Missoulian. Zinvest then executed a "proof of notice" attesting it mailed notices of the issuance of tax deeds to the "owners, current occupant and parties" pursuant to § 15-18-212, MCA, via certified mail, return receipt requested. On August 31, 2018,

3

the Missoula County treasurer executed tax deeds conveying parcels 2281204 and 2281300 to Zinvest.

¶7 On July 17, 2020, Wells Fargo filed its Complaint alleging Zinvest failed to give proper notice under § 15-18-212, MCA, and requesting the tax deeds issued to Zinvest be declared void. Zinvest and Wells Fargo filed competing motions for summary judgment contesting whether Zinvest complied with the requirements for notice and tax sale certificates set forth in the tax deed statutes. On November 17, 2021, after a hearing on the motions, the District Court granted Zinvest's motion for summary judgment and denied Wells Fargo's. The District Court found that "the statutory requirements for tax lien procedure were met and" there were no due process violations. The District Court concluded that Zinvest provided proper notice to Wells Fargo because it relied on the address listed in the Litigation Guarantees in compliance with § 15-18-212(4)(b), MCA, and because it published timely notice. Finally, on November 22, 2021, Zinvest filed a motion for allowance of attorney fees. On May 10, 2022, the District Court granted the motion and awarded Zinvest attorney fees against Wells Fargo.[1] Wells Fargo appeals the District Court's orders.

## STANDARD OF REVIEW

¶8 We review a district court's entry of summary judgment de novo. *Hansen Tr. v. Ward*, 2015 MT 131, ¶ 15, 379 Mont. 161, 349 P.3d 500. If there are no genuine issues of

---

[1] Because we reverse the District Court's summary judgment orders and hold the tax deeds void, we need not address the parties' arguments regarding attorney fees.

4

material fact, we determine whether the district court correctly concluded that the moving party is entitled to judgment as a matter of law. *Zinvest, LLC v. Hudgins*, 2014 MT 201, ¶ 11, 376 Mont. 72, 330 P.3d 1135. We review conclusions of law for correctness. *Moran v. Robbin*, 261 Mont. 478, 482, 863 P.2d 395, 398 (1993). Additionally, a statutory interpretation is a conclusion of law, which we review to determine whether the district court's interpretation of the law is correct. *Zinvest, LLC*, ¶ 11.

## DISCUSSION

¶9 *Whether Zinvest provided Wells Fargo proper notice the tax deeds may issue as required by § 15-18-212, MCA?*

¶10 Wells Fargo contends that the District Court erred in finding Zinvest obtained proper Litigation Guarantees and provided Wells Fargo proper notice in compliance with § 15-18-212, MCA. Wells Fargo argues Zinvest incorrectly relied on the Litigation Guarantees because they did not identify "the identities and addresses of the parties of record" with an interest in the parcels. Section 15-18-212(4)(a)(iii), MCA. While the Litigation Guarantees promised to identify "[t]he return addresses for mailing after recording," the "return to" address in the Deed of Trust was the incorrect mailing address for Wells Fargo. Wells Fargo maintains that, as a result, the Litigation Guarantees did not comply with the statutory requirements for a litigation guarantee. Further, Wells Fargo maintains Zinvest failed to provide it adequate notice under § 15-18-212, MCA, when it mailed the notices to the "return to" address rather than the lender's address, resulting in the notices being returned to Zinvest undelivered.

5

¶11 Finally, Wells Fargo contends Zinvest failed to comply with other requirements of the tax sale procedures. As we conclude the tax deeds are invalid based on Zinvest's failure to provide notice, we do not address the parties' additional arguments.

¶12 The right of "redemption generally is 'a vested property right . . . of which the owner cannot be legally deprived except and only . . . by the giving of notice.'" *Tax Lien Servs. v. Hall*, 277 Mont. 126, 131, 919 P.2d 396, 399 (1996) (quoting *Lowery v. Garfield County*, 122 Mont. 571, 582, 208 P.2d 478, 484 (1949)). Because a property owner must know a tax lien exists before redeeming it, "notice is of utmost importance in these proceedings." *Hansen Tr.*, ¶ 27. Failing "to provide adequate notice in compliance with the statute renders a tax deed void." *Hansen Tr.*, ¶ 27 (citations omitted). *See also Isern v. Summerfield*, 1998 MT 45, ¶ 28, 287 Mont. 461, 956 P.2d 28 ("[I]f the legal requirements with respect to the notice are not complied with, a county treasurer may not legally issue a tax deed.") (citations omitted).

¶13 Section 15-18-212, MCA, requires notice to be given when a tax deed will be issued "unless the property tax lien is redeemed prior to the expiration date of the redemption period." § 15-18-212(1)(b), MCA. This notice must "be made by certified mail, return receipt requested, to . . . each party . . . listed on a litigation guarantee, provided that the guarantee . . . lists the identities and addresses of the parties of record that have an interest . . . in the property designed to disclose all parties of record that would otherwise be necessary to name in a quiet title action." Section 15-18-212(4)(a)(iii), MCA. The

notice must be sent to "the address disclosed by the records in the office of the county clerk and recorder or in the litigation guarantee." Section 15-18-212(4)(b), MCA.

¶14 The District Court erred in finding Zinvest complied with the notice requirements of § 15-18-212, MCA, by mailing notices to the address for Wells Fargo listed in the Litigation Guarantees. A party may rely on the information disclosed in a litigation guarantee provided the guarantee lists the addresses for the parties of record. Section 15-18-212(4)(a)(iii), MCA. The Litigation Guarantees here, however, provided the incorrect address for Wells Fargo Bank, N.A. The publicly recorded Deed of Trust identifies Wells Fargo Bank, N.A. as the "lender" and the lender's address as "P.O. Box 10304, Des Moines, IA 503060304." Additionally, the document provides that "[a]ny notice to lender shall be given by delivering it or by mailing it by first class mail to lender's address," and requests that tax statements be sent to this same Iowa address. Wells Fargo's Deed of Trust clearly provided a known and identifiable address to send the notices that tax deeds may issue, yet the Litigation Guarantees did not list this address. Instead, the Litigation Guarantees listed Wells Fargo's address as follows:

Wells Fargo Bank, N.A.
3601 Minnesota Dr, Suite 200
Bloomington, MN 55435

¶15 The Litigation Guarantees obtained this address from the "return to" block in the Deed of Trust—which Wells Fargo asserts was merely the return address for mailing after recording—listed as follows:

Return To:

7

Wells Fargo Home Mortgage
3601 Minnesota Dr. Suite 200
Bloomington, MN 55435

¶16    The Litigation Guarantees thus provided an incorrect address for notices to Wells Fargo by listing the "return to" address rather than the explicitly designated lender's address.  Additionally, the Litigation Guarantees used the "return to" address—which belonged to Wells Fargo Home Mortgage—and misidentified it as belonging to Wells Fargo Bank, N.A.  By providing the incorrect address, the Litigation Guarantees did not satisfy the statutory requirements of § 15-18-212, MCA, and Zinvest improperly relied on them for purposes of providing notice to Wells Fargo.

¶17    Under § 15-18-212(b), MCA, Zinvest was required to mail Wells Fargo the notices at "the address disclosed by the records in the office of the county clerk and recorder or in the litigation guarantee."  Zinvest relied on the Litigation Guarantees and sent the notices to the Minnesota address.  Wells Fargo never received the notices.  Instead, the notices were returned marked "return to sender – not deliverable as addressed – unable to forward."  Zinvest's failure to mail Wells Fargo the notices at the Iowa address listed for it in the recorded Deed of Trust violated § 15-18-212, MCA.  Accordingly, Zinvest's failure to give the statutorily required notice that tax deeds may issue renders the tax deeds void.

¶18    Zinvest maintains it complied with the notice requirements in § 15-18-212, MCA, because it sent the notices to Wells Fargo's last known available address and also provided constructive notice by publication.  Zinvest contends, for the first time on appeal, that Wells Fargo created uncertainty in the Deed of Trust surrounding the correct address for notice

8

because Wells Fargo Home Mortgage is the entity designated in both the "return to" block and for mailing tax statements, and the same Iowa address is listed for both the mailing of tax statements and for the lender's address. Zinvest contends that because Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. appear to share the Iowa address, it was reasonable to assume Wells Fargo's last known address was the Minnesota "return to" address provided for Wells Fargo Home Mortgage.

¶19 Zinvest attempts to create ambiguity in the Deed of Trust by overlooking the document's plain language. Certainly, the Deed of Trust identified Wells Fargo Home Mortgage as the entity for receipt of tax statements and provided for this purpose the same Iowa mailing address as listed for the lender. However, instead of mailing the notices to the shared Iowa address, Zinvest used the Minnesota "return to" address. This address was only connected to Wells Fargo Home Mortgage; it was never connected to Wells Fargo Bank, N.A. Moreover, in concluding that the "return to" address was Wells Fargo's last known available address, Zinvest disregarded the lender's address explicitly designated for receipt of notices related to the document and instead selected an address clearly provided for a different entity and for a different purpose. In these circumstances, it was not reasonable for Zinvest to assume the Minnesota address was Wells Fargo's last known available address. Accordingly, Zinvest failed to provide the statutorily required notice when it sent the notices to the incorrect address.

¶20 Zinvest also contends that after the mailed notices were returned undelivered, it provided Wells Fargo constructive notice by publication when it ran two notices in the

Missoulian. However, "[c]onstructive notice by publication that property may be lost by a tax deed is legally insufficient unless accompanied by personal service or notice mailed to the property owner's address contained in the county records." *Showell v. Brosten*, 2008 MT 261, ¶ 19, 345 Mont. 108, 189 P.3d 1210 (holding "failure to strictly comply with the notice requirements of § 15-18-212, MCA, renders [a] tax deed void"). In *Showell*, a company neither mailed proper notice to a property owner nor published notice that a tax deed might issue. We declined to address whether notice by publication was required after the mailed notice was returned unclaimed because the failure to mail proper notice was insufficient in itself for the tax deed to issue. We held that "it is clear from § 15-18-212(4), MCA, that in every instance, notice must be mailed to each interested party." *Showell*, ¶ 17. *See also Moran*, 261 Mont. at 483, 863 P.2d at 398 ("A tax deed issued without the required proof of notice is void."). Accordingly, Zinvest's failure to mail notices that tax deeds may issue to Wells Fargo violated § 15-18-212, MCA, and rendered the tax deeds void.

## CONCLUSION

¶21 The District Court's order granting summary judgment to Zinvest is reversed; the tax deeds issued to Zinvest are void; and the District Court's order granting Zinvest attorney fees is reversed.

/S/ LAURIE McKINNON

10

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE